# MOSE MEHEULA *v.* PIONEER MILL COMPANY, LIMITED.

## MOTION.

SUBMITTED OCTOBER 24, 1905.    DECIDED OCTOBER 27, 1905.

HARTWELL AND WILDER, JJ., AND CIRCUIT JUDGE DE BOLT IN PLACE OF FREAR, C.J.

PRACTICE—*final judgment on overruling exceptions.*

> The defendant's exceptions at the trial of an action of eject-
> ment in the circuit court, having been overruled, the defendant's
> motion that this court make a final judgment or order affirming
> the judgment in the circuit court is denied, there being no statu-
> tory authority therefor. The defendant's desire to appeal to the
> United States Supreme Court from final judgments of this court
> does not authorize this court to assume the power.

### OPINION OF THE COURT BY HARTWELL, J.

The defendant's exceptions taken at the trial in the circuit court of the second circuit in an action of ejectment having been overruled by this court, the defendant first filed a motion for rehearing, which was denied, no member of the court who joined in the opinion requesting the motion to be argued. This was the first instance of the practice under rule 5 concerning rehearing as recently amended so as to conform with the rule of the United States Supreme Court on the subject. The defendant thereupon moved "that a final judgment be entered

herein in this Court affirming the judgment of the Circuit
Court of the Second Circuit and remanding said cause to said
Circuit Court of the Second Circuit with directions to carry
said judgment into execution. And that pending the hearing
and determination of this motion and the entry of said judg-
ment, in case said judgment is so entered, that all proceedings
for the remitting of the above cause to the Circuit Court of
the Second Circuit be stayed."

The motion is based upon Mr. McClanahan's affidavit, "that
said defendant feels aggrieved at the decision heretofore ren-
dered by this court in the above cause, and intends to take said
cause on appeal to the Supreme Court of the United States;
that for this purpose defendant desires the entry of a final judg-
ment by this court and a stay of proceedings in the above cause
until said judgment can be rendered and a writ of error duly
taken to said judgment; that the value of the property in con-
troversy in the above cause is over the amount of $5,000.00;
that D. H. Case, the attorney of record in said cause, was, at
the time of the rendition of the decision herein, on the Island
of Maui, and has signified his inability to attend to the motion
to be made herein; that affiant's firm was employed to repre-
sent said defendant in said matter on this 19th day of October,
A. D. 1905; that affiant is informed and believes that a remit-
titur in the above cause is to be filed on Friday, October 20,
1905, and the papers in said cause transmitted to the Circuit
Court of the Second Circuit on said day."

The present attorneys of the defendant in their brief upon
this motion say, "It is unquestioned, we take it, that this court
had the power to overrule defendant's exceptions and remand
the case to the lower court with directions to carry its judg-
ments into execution. If it had the power to do this it also has
the power to make an order to that effect in order to have the
same fairly upon the record so that an appeal may be taken,
whether that order be a 'final judgment' or not. And this is
really all defendant wants or asks, and it will be satisfied if the

court denies its motion but does make the 'order' in question (which defendant will move for if necessary). There seems to be a misapprehension of our attitude on the part of the court and perhaps we were at fault in not explaining our position more fully. If this court feels that it has not authority to enter a final 'judgment,' we take it that that feeling can only apply to a judgment which supersedes the original judgment in the Circuit Court. This is not at all what we mean. The order we desire will not in any way supersede the original judgment, but will merely overrule the exceptions in the cause in which it was rendered and leave the said judgment in full force. This position, we contend, is impregnable and the court should, it seems to us, accommodate us at least thus far. We are unquestionably entitled to our appeal under the laws of the United States and this right should be rather facilitated than impeded."

The court is aware of no misconception of the defendant's contention. It cannot be supposed that an affirming judgment supersedes the judgment affirmed. It is when a judgment is disaffirmed, or using the correct phrase, is vacated, that another judgment takes its place.

But a judgment in an action at law is neither affirmed nor disaffirmed by this court in passing upon exceptions other than by vacating a judgment when entered, which, when exceptions are sustained, may be done by this court "without any writ of error in like manner as if it had been entered by mistake." R. L. Sec. 1867. If the exceptions are overruled nothing further is required but to notify the circuit court, in the form of a remittitur. Although judgment in an action at law formally concludes, "wherefore it is considered by the court here that the plaintiff have and recover," or otherwise as the case may be; yet this does not mean that the court makes the judgment which is merely a conclusion of law from a verdict, or in a jury waived case, from the judge's findings. A bill of exceptions, unlike a writ of error or an appeal, does not bring the entire case or its record to this court. We have merely to decide whether the exceptions are good or bad. If they are overruled,

that is the end of the functions of this court relating thereto, nothing remaining but the order, notice, or remittitur, on receipt of which the judgment in the circuit court if it had been entered but suspended pending the exceptions by the provisions of Secs. 1861 and 1865, R. L., remains in full force, requiring no affirmance or other recognition from this court. If no judgment was entered on the verdict it is entered by the circuit court upon notice of the overruling of the exceptions. This result follows as a matter of law and not in consequence of any direction of this court. The records of the case and all papers filed in the circuit court are, it is true, often sent here with the bill of exceptions, as in appeals and writs of error, but the practice is incorrect. When causes are appealed or brought here on error, we have before us the entire record and may "review, reverse, affirm, amend, modify or remand for new hearing in Chambers such decision, judgment or decree in whole or in part and as to all or any of the parties;" in cases of appeal, R. L. Sec. 1860, or in cases of error "the Supreme Court shall have power to enter such judgment in the case as in their opinion the facts and law warrant." *Ib.* Sec. 1883. The defendant contends that under the Revised Laws Section 1630 this court has the power "to make and award all such judgments, decrees, orders and mandates * * * as may be necessary to carry into full effect the powers which are or shall be given to it by the laws or for the promotion of justice in matters pending before it." This court has by law no power in overruling exceptions to make a judgment in the case tried in the circuit court and such judgment is not required "for the promotion of justice in matters pending before it" for nothing is pending. In *Tibbets v. Pali,* 15 Haw. 137, judgment was entered in the circuit court August 29, 1899, and exceptions were overruled June 9, 1903. The plaintiff then brought a writ of error which was quashed because not sued out within six months from the rendition of the judgment, the court citing with approval *Cummins v. Iaukea,* 10 *Ib.* 3, where "judgment on the verdict was entered on

May 25, 1894; exceptions had been overruled and there was nothing left to be done to perfect the judgment." In *Hind v. Wilder S. S. Co.,* 13 *Ib.* 176, an appeal from a decree in admiralty, the court said that under the statute relating to the powers of this court in appeal cases it "has always exercised its discretion as to entering final decrees or remanding cases" referring to the statutes and practice elsewhere by which "appellate courts usually have power either to enter final, complete decrees themselves, or to remand cases to the lower courts." If such discretion were granted by law to this court in overruling exceptions, there would be no occasion for the defendant to "strongly contend that if the exercise of its discretion will prevent harassing and technical objections from being thrown in defendant's way in the exercise of its legal right to appeal, then this court should exercise that discretion so as to facilitate the exercise of that right."

The practice in Massachusetts, as fixed by statute gives the Supreme Court power to enter judgment in cases of exceptions as of appeals, ordering the record to be removed to the Supreme Court. Mass. Pub. St. 832.

The defendant refers to the fishery cases of *Damon* and of *Carter v. Territory,* in which final judgments were entered by this court upon overruling exceptions. 14 Haw. 465. The defendant says, "The Damon case was passed on by the Supreme Court and the Carter case is now pending. A holding that the court was without power to enter those judgments would render them absolutely void and such a result should be avoided if possible." We are not aware that objection was made to the entry of judgment in those cases. If it was done inadvertently or without contest it has not the force of precedent. We are of the opinion that this court can take no other action on overruling the exceptions than to authorize the usual remittitur. The motion is denied.

*C. W. Ashford,* for plaintiff.

*Kinney, McClanahan & Cooper,* for defendant.