# TERRITORY OF HAWAII, BY C. S. HOLLOWAY, SUPERINTENDENT OF PUBLIC WORKS, *v.* E. J. COTTON, C. E. COTTON AND JAMES B. AGASSIZ, PARTNERS UNDER THE NAME OF COTTON BROS. & CO.

### ERROR TO CIRCUIT COURT, FIRST CIRCUIT.

ARGUED MARCH 23, 1906.            DECIDED APRIL 9, 1906.

FREAR, C.J., WILDER, J., AND CIRCUIT JUDGE DE BOLT IN PLACE OF·HARTWELL, J.

NEW TRIAL—*order for, when not interlocutory.*

Although an order granting a motion for a new trial is ordinarily interlocutory and not reviewable on error before final judgment, it is final and reviewable if it is made in what must be considered a new proceeding, as when the court had no power to make it. In order to be final for the purposes of review it need not be absolutely void so as to be subject to collateral attack.

ID.—*when too late for court to order of own motion.*

A trial judge cannot grant a new trial of his own motion in a civil case at the second term after that in which the verdict was rendered and judgment entered, and, a fortiori, his successor cannot in vacation after the third term after verdict and judgment; but it is held in this case that the decision of the trial judge and the order of his successor for a new trial were not made of their own motion but in response to motions by the defendants.

ID.—*power or duty of trial judge's successor to order.*

The rule that a successor to a trial judge should grant as matter of course a motion for a new trial which has been made and perfected within the proper time—because the movant has a right to have the motion decided and the succeeding judge cannot decide it for want of knowledge of the facts and the trial judge cannot because of his death or the expiration of his term of· office—has no application when the movant has no right to have the motion .decided for the reason that it was not perfected by the filing of a bond within the prescribed time.

ID.—*writ of error which brings up order for, brings up decision on which order was based.*

When an order for a new trial made by a succeeding judge is merely the formal order entered in pursuance of the decision of the trial judge and not an independent order, a writ of error brought within six months to review the order brings up also the decision though the latter was filed more than six months before the writ was issued. In such case the attack upon the decision is not collateral.

## OPINION OF THE COURT BY FREAR, C.J.

The facts are stated somewhat fully in the decision on the motion to quash, ante, p. 374. Briefly, the defendants, after a verdict against them, moved for a new trial but failed to file the requisite bond within ten days after verdict as required by statute. The trial judge, Gear, holding that the ten days ran from judgment and not from verdict, allowed judgment to be entered and the bond filed after the expiration of the ten days from verdict but within ten days from judgment and heard the motion. He did not decide it, however, until the second term of court thereafter when, shortly before the expiration of his term of office, he cabled to the clerk from San Francisco "Order motion for new trial granted. Grounds mailed," and shortly after the expiration of his term of office the clerk received by mail from San Francisco the written opinion of the judge, concluding "a new trial should be granted." At the next term, that is, the third term after the verdict was rendered and the motion for a new trial made, the defendants moved Judge Gear's successor, Judge Lindsay, that "a formal order be entered granting the defendants a new trial," which was done in vacation after the expiration of that term. The plaintiff then brought this writ of error to review that order.

The defendants moved to quash the writ on the ground that an order granting a new trial was interlocutory and therefore not the direct subject of a writ of error. We held, however, in the decision above referred to, that, although ordinarily an order granting a new trial was not reviewable on error immediately, that is, before final judgment after the new trial was

had, whether reviewable immediately on exceptions or not, the rule was different when the trial court was without power to make the order when it was made, and that the trial court was without power to grant the motion for a new trial for the reason that the bond was not filed within ten days after verdict and that although the failure to file the bond within the prescribed time could be waived by the plaintiff it was not waived.

The defendants now in their argument upon the merits of the writ, while conceding that the decision on the motion to quash was correct on the arguments then presented and that on its surface it finally disposed of the question of their right to the new trial, contend that there are other arguments, now presented, which show that it was in fact erroneous. It was suggested by the court during the argument that it might be a question whether that decision could virtually be reversed upon a consideration of the merits of the case or otherwise than on a reconsideration of the motion to quash, as, for instance, upon a rehearing of that motion. The defendants thereupon filed a petition for a rehearing of that motion. In view, however, of our conclusion upon the merits we will proceed as if the right to petition for a rehearing on the motion had not been waived by argument on the merits and also as if the petition for a rehearing would be granted notwithstanding the fact that, as it states, it is based on points which were not presented through inadvertence of counsel and not considered through no fault of the court, or as if the additional arguments now presented might properly be considered on the merits irrespective of the decision on the motion to quash.

The defendants contend that Judge Gear's decision on the motion for a new trial was not absolutetly void but was at most merely erroneous or voidable inasmuch as he had jurisdiction of the parties and the cause and power to grant a motion for a new trial and power to order a new trial of his own motion, and that it cannot be said from the record that he did not grant the new trial of his own motion, and that the requirement of the bond was not jurisdictional because it could be waived and jurisdictional defects cannot be waived; that his decision, not

being absolutely void, cannot be collaterally attacked; and that the present attack by writ of error to reverse Judge Lindsay's order is collateral as to Judge Gear's decision because it is not a direct proceeding to reverse that decision and the time has expired for such a proceeding and the fact that the attack is made in the same case does not make it direct. Also that Judge Lindsay's order merely supplements Judge Gear's decision and cannot be attacked unless Judge Gear's can be; that that order was not void because Judge Lindsay, as well as Judge Gear, could order a new trial of his own motion on the suggestion of the defendants, and that the motion for a formal order may be viewed as such a suggestion; and that since Judge Lindsay had the power to order a new trial his order could stand by itself and was at most merely voidable or erroneous and not void and hence was interlocutory and not reviewable at this stage on error. Also that Judge Gear's decision was not void or at least cannot be considered void in this proceeding by reason of his absence from the Territory or the expiration of his term of office.

It is unnecessary to say whether each or either of the circuit judges was absolutely without jurisdiction to order a new trial or whether the decision or order for a new trial was absolutely void so as to be subject to collateral attack. The word "jurisdiction" is somewhat elastic. It does not follow that because a defect can be waived the court has jurisdiction or that because it cannot be waived the court is absolutely without jurisdiction. To illustrate, there are cases in which a court of equity, for instance, might dismiss a bill for want of jurisdiction and even would do so of its own motion if it noticed the defect and yet if it should not do so and the question were not raised the decision would not be absolutely void. See *Kuala v. Kuapahi,* 15 Haw. 300, and cases there cited. Likewise, if this court did not have jurisdiction of reserved questions in equity a decision in such a case would not be void. *Brown v. Brown,* 15 Haw. 308. Similarly, an appellate court might properly dismiss an appeal for want of jurisdiction because the statutory requirements of an appeal have not been complied with, as

when the appeal bond has not been filed or the appeal noticed within the time prescribed, or because the appeal is from an opinion as distinguished from a judgment or decree, or because the judgment appealed from is of an interlocutory nature, and yet a decision in any such case, if the defect were not urged in due season, would not be void. See *Hind v. Wilder's S. S. Co.,* 14 Haw. 219, and cases there cited. As shown in the decision on the motion to quash, even those courts which hold that the want of an appeal bond is a jurisdictional defect which cannot be waived by the parties hold also that it cannot be taken advantage of after decision when it was not noticed before decision. In *Ferreira v. Honolulu R. T. & L. Co.,* 16 Haw. 797, in which, as in the present case, it was objected that the trial judge should not have entertained a motion for a new trial for want of a sufficient bond, this court said: "The requirement that a sufficient bond should be filed was jurisdictional. * * * A sufficient bond not having been filed the court below had no jurisdiction to entertain the motion for a new trial." In general jurisdiction over the subject matter cannot be conferred by waiver or consent. On the other hand there are cases in which a judgment would be absolutely void for want of jurisdiction, and yet in which the jurisdictional defect might have been waived, as, for instance, where the defect consists in want of notice to the defendant. In the decision on the motion to quash we did not hold that the decision and the order for a new trial were absolutely void so as to be subject to collateral attack. We held merely that the trial court was without power to grant the motion for a new trial and that consequently the motion for a new trial should be regarded as a new proceeding, in which case the order granting the new trial would be a final order in that proceeding and therefore reviewable. This is the view taken by the cases there cited and other cases. See *Hume v. Bowie,* 148 U. S. 245; *Macfarland v. Brown,* 187 U. S. 244; *Deering v. Creighton,* 26 Ore. 556; *Killip v. Empire Mill Co.,* 2 Nev. 34, 42; *Tutman v. B. & O. R. R.,* 190 U. S. 38; *Manning v. Ger. Ins. Co.,* 117 Fed. 52. Although the jurisdictional defect might have been waived, as it might have been in the cases just cited, it was not waived.

It is conceded that the attack upon Judge Lindsay's order is direct since that order is made the direct subject of the writ of error and the writ was brought within the time prescribed by statute; also that the motion for a formal order presented to Judge Lindsay was not a motion for a new trial, and that such a motion could not have been made at that time because the time within which it could have been made had expired; also that Judge Lindsay's order cannot be regarded as a grant of the original motion for a new trial made before Judge Gear. It is equally clear to us that it cannot be regarded as made by Judge Lindsay of his own motion, for it was made in response to the defendant's motion, is entitled "Order granting defendants' motion for a new trial," and, after reciting that the defendants had made such a motion and that the court had duly considered it, concludes, "Said motion is granted; and, it is therefore and hereby ordered that in the above entitled action a new trial be had." Moreover, it was, in accordance with the motion, a mere formal order not made by the judge as an exercise of discretion. Even if it were made by the judge of his own motion and as an exercise of his discretion, it was made too late and at an improper time, for it was made in vacation and after the lapse of three terms after the term at which the verdict was rendered and judgment entered. Of course, if a motion were properly made in season it could be decided at a subsequent term, but we are now considering an order by the court sua sponte. Whether in this jurisdiction a trial judge could order a new trial of his own motion under any circumstances after the expiration of the ten days prescribed for moving for a new trial we need not say. We are not aware that that has ever been done. In England, under peculiar or extraordinary circumstances in criminal cases, the court may order a new trial of its own motion after the expiration of the time, namely, the first four days of the next term, during which a motion for a new trial may be made. In the United States in the absence of statute the general rule is that except under certain circumstances a court loses control over its judgments after the expiration of the term at which they are made. Statutes often

limit the time for moving for a new trial to a short period after verdict or judgment. New trials are seldom granted by a court of its own motion and then as a rule only under special circumstances and at the time of the verdict or soon afterwards. In the present case the order was made after the time for moving for a new trial, after the time limited for bringing the case up on exceptions or error, and after the third term following that in which the verdict was rendered and judgment entered— more than a year after judgment was entered.

It is suggested, however, by counsel that Judge Lindsay's order might be sustained not as one made of his own motion merely but as one that might properly be made or ought to be made by a successor to a judge who tried the case and who could not make the order by reason of the expiration of his term of office. The cases relied on are *Bass v. Swingley,* 42 Kans. 729 (22 Pac. 714); *Ohms v. The State,* 49 Wis. 415; *Woodfolk v. Tate,* 25 Mo. 597; *Wright v. Judge,* 41 Mich. 726. These cases, as well as many others including that of *Hume v. Bowie,* supra, show that when a party has a right as, for instance, to have a motion for a new trial which has been presented within the prescribed time decided, or to have a bill of exceptions which has been presented within the prescribed time settled, cannot be deprived of that right by the death or illness or expiration of the term of office of the judge who presided at the trial, and that if another or succeeding judge cannot perform those functions for want of a proper record upon which he can exercise a proper discretion a new trial should be ordered as a matter of course. These cases, however, have no application to the present case. The bond was not given within the prescribed time, and the defendants therefore did not acquire a right to have the motion passed upon by the trial judge and consequently would not lose a right by reason of the expiration of the trial judge's term of office and the inability of his successor to pass upon that motion. Indeed, the reasons given in these cases for holding that a succeeding judge cannot pass on a motion for a new trial, namely, because of the discretionary

character of that function and the want of a proper record, would, if they hold in this jurisdiction, prevent Judge Lindsay from granting a new trial of his own motion.

The only way in which Judge Lindsay's order can be regarded is that it was a formal order based upon or made in pursuance of Judge Gear's decision, like the entry of any other formal order, judgment or decree based upon or made in pursuance of an opinion, decision, judgment or verdict rendered. Such being the case, the order cannot be considered independently of the decision, and the writ in bringing up the order for review brings up also the decision, just as a writ of error that brings up any judgment brings up the opinion or decision on which the judgment was based. The attack upon Judge Gear's decision is therefore direct, for, being direct on Judge Lindsay's order, it is direct upon the decision on which that order depends.

Judge Gear's decision cannot be regarded as made of his own motion. It granted the defendants' motion for a new trial. The cablegram states: "Motion for new trial granted. Grounds mailed." The "grounds mailed" form the decision referred to. This states that the defendants made the motion for a new trial; that this was argued and submitted; that there were two main questions raised in the brief and argument of the defendants; sets forth these; and then proceeds to consider at length the respective contentions made in the argument upon the motion and concludes that a new trial should be ordered. Even if the decision had been made by the judge of his own motion it could not stand for the reason already stated why Judge Lindsay's order could not stand, namely, because it was made too late. It was not made until the latter part of the second term of court after the verdict was rendered and judgment entered—nine months after judgment was entered.

Sufficient has already been said in the decision on the motion to quash and in the present decision to show that Judge Gear's decision cannot stand as a decision granting the defendants' motion for a new trial.

It will be unnecessary to say whether Judge Gear's decision, if it could stand so far as the want of a bond on the motion for a new trial is concerned, could stand also notwithstanding that it was cabled or mailed from without the Territory and that the mailed decision did not arrive in the Territory and was not filed until after the expiration of the judge's term of office.

The order granting a new trial is reversed.

*E. C. Peters, Attorney General,* for plaintiff.

*S. H. Derby (Kinney, McClanahan & Cooper* on the brief) for defendants.