COTTON *v.* TERRITORY OF HAWAII, BY HOLLOWAY, SUPERINTENDENT OF PUBLIC WORKS.

ERROR TO THE SUPREME COURT OF THE TERRITORY OF HAWAII.

No. 7. Argued October 27, 1908.—Decided November 30, 1908.

The elementary rule, that the power of this court to review judgments under § 709, Rev. Stat., and under statutes relating to review of judgments from territorial courts extends only to final judgments, also governs appeals from the Supreme Court of Hawaii under § 86 of the act of April 30, 1900, c. 339, 31 Stat. 141, 158, and the amendatory act of March 3, 1905, c. 1465, 33 Stat. 1035.

The power of this court to review the judgments of courts of the Territories depends upon acts of Congress and cannot be extended by territorial legislation.

The decisions of the Supreme Court of Hawaii in this case, overruling

exceptions and reversing order for new trial, were based on bill of exception which did not bring up the whole record, were not under the practice of Hawaii final judgments, and are not reviewable by this court.

Writ of error to review 17 Hawaii, 618, dismissed.

THE facts are stated in the opinion.

*Mr. Charles·A. Keigwin,* with whom *Mr. William. B. Matthews* was on the brief, for plaintiffs in error:

The order on exceptions was a final judgment.

The opinion of the Supreme Court of Hawaii upon defendants' bill of exceptions, the last sentence of which is "the exceptions are overruled," was rendered and filed in the clerk's office on September 27, 1906.

The question, what amounts to a judgment, is, of course, one of local practice. If by accepted usage in Hawaii, or in the Supreme Court of the Territory, such a minute entry as appears in this record is regarded as a judgment, then that entry, however meager or technically irregular, may, and should be accepted as a judgment of that court, and the writ will lie.

A judgment which the supreme court of a State holds to be a final judgment can hardly be considered in any other light by this court. *Belmont Bridge* v. *Wheeling Bridge,* 138 U. S. 287; *Tippecanoe Co.* v. *Lucas,* 93 U. S. 108.

Independently of any peculiar local practice, and as a principle of the general law, the entry of September 27, 1906, is the entry of a judgment, though never drawn out into the formal words of a judgment.

The judgment, being the act of the court, and the substantial thing, of which the expanded entry is mere form and dress, becomes a judgment when it is pronounced and directed to be recorded, or, at all events, so soon as the first notation is made. The date of the judgment is that of the minute entry. It is then immediately executionable, unless otherwise provided by statute. All rights of the parties depend upon and

relate to the original minute and not to the later formal entry. Freeman on Judgments, 4th ed., §§ 38, 40.

The action of the clerk, being non-judicial, may be at any time afterward. The usual custom, perhaps, is for him to wait for leisure moments to perform that duty. In many cases the record is not completed until after the adjournment of the term. This practice seems to have prevailed at common law. *Casement* v. *Ringgold*, 28 California, 335; *McMillan* v. *Richards*, 12 California, 467.

It is, therefore, immaterial whether or not the judgment is ever spread out upon the formal minutes. The neglect of the clerk is the neglect of a purely ministerial duty which does not at all impair the validity of the judgment. In some States no record is ever made up. Such is, or at one time was, the usage in Maryland and Pennsylvania, and it was so formerly in the District of Columbia. In such jurisdictions the files and journal entries stand in place of the record, and memoranda indicating the rendition of judgments are treated as judgments. *Packet Co.* v. *Sickles*, 24 How. 340; *Cromwell* v. *Bank*, 2 Wall. Jr. 569; *Boteler* v. *State*, 8 Gill. & J. 381; *Ruggles* v. *Alexander*, 2 Rawle, 232; Freeman on Judgments, § 86.

The judgment on new trial is reviewable in this court. The action of the Territorial Supreme Court whereby it undertook to reverse Judge Gear's order of new trial was taken by the entry of a formal judgment.

Orders granting or denying new trials, while generally not the subjects of error, may be reviewed and reversed in error when they are void as being beyond the jurisdiction of· the court assuming to make them. *Hume* v. *Bowie*, 148 U. S. 245; *Coughlin* v. *District of Columbia*, 106 U. S. 7.

And such an order may be revised in error when it appears that the lower court in acting upon the motion for a new trial proceeded upon an erroneous theory of its powers and duties in the matter or upon incorrect principles of evidence and practice. *Metropolitan R. R. Co.* v. *Moore*, 121 U. S. 358; *Mattox* v. *United States*, 146 U. S. 140.

In this case the court held, as a matter of general law and local practice, that the order of a trial court upon a motion for new trial is discretionary and cannot be revised in error.

The action of the Territorial Supreme Court in reversing the order for new trial was beyond its authority because its appellate jurisdiction was invoked too late and was attempted to be exercised after the time to which it was limited by statute; and, because the order of new trial was, by reason of its nature and because it was an order of new trial, not within the appellate jurisdiction, but altogether within the discretion of the trial court; and also because the Territorial Supreme Court erred in holding that the order was void and therefore excepted from the general rule of the subject.

Whether the Supreme Court of the Territory was right or wrong in its view of the order of new trial, its judgment reversing that order is reviewable in this court.

*Mr. Charles R. Hemenway,* Attorney General of the Territory of Hawaii, for defendant in error:

Upon a bill of exceptions only certain specific rulings are made the direct subject of review and only so much of the record comes before the appellate court as is necessary to pass upon such rulings. The decision is usually that the exceptions be sustained or overruled, and that such further proceedings be had as this ruling may require. The decision of the Supreme Court of Hawaii upon a bill of exceptions cannot be a final judgment in the sense that such judgment is the final act determining the rights and liabilities of the parties. The overruling of the exceptions in this case necessarily left the record in the condition in which it was prior to the allowance of the bill. Therefore, the judgment formally entered in the Circuit Court stood and stands as the final adjudication of the questions at issue between the parties.

The Territory now submits that only this judgment, to wit, the judgment entered in the Circuit Court, can properly be made the subject of a writ of error from this court, and that

by the writ now before the court the questions adjudicated
below are not presented for review.

The practice in Hawaii as to exceptions is similar to that
in Massachusetts and the other States where bills of exceptions
bring up to the appellate court for review certain specific
rulings only, and do not bring up the entire case including the
final judgment rendered. In such States writs of error from
this court have run to the court where the final judgment was
entered. *Atherton* v. *Fowler*, 91 U. S. 143; *Worts* v. *Hoagland*,
105 U. S. 702; *Polleys* v. *Black River Improvement Co.*, 113
U. S. 83; *Stanley* v. *Schwalby*, 162 U. S. 269; *McDonald* v.
*Massachusetts*, 180 U. S. 311; *Rothschild* v. *Knight*, 184 U. S.
334.

A judgment to be final within the meaning of the acts of
Congress, giving this court jurisdiction on writs of error over
such judgments, must terminate the litigation between the
parties on the merits of the case so that if this court affirms
such judgment, the court below would have nothing to do but
to carry it into effect. *Bostwick* v. *Brinkerhof*, 106 U. S. 3;
*Macfarland* v. *Brown*, 187 U. S. 237.

Therefore the decisions of the Supreme Court of Hawaii
based upon bills of exceptions brought before such court can-
not properly be made the subject of writs of error from this
court.

MR. JUSTICE WHITE delivered the opinion of the court.

The errors assigned are directed to the action of the court
below on two subjects. Jurisdiction to consider them is chal-
lenged by the defendant in error. To understand the question
as to jurisdiction and the issues which it will be necessary to
consider, if it be that we have power to decide the merits,
requires us to state briefly proceedings which are referred to by
both parties and which are embraced in the printed transcript,
without determining at this moment how far all the proceed-
ings thus to be referred to may be considered as properly em-
braced in the record in the legal sense.

On May 27, 1904, as the result of a trial before a jury of an action brought by the Territory of Hawaii to recover damages for the loss of a dredge boat belonging to the Territory, through the negligence of the defendants (who are now plaintiffs in error), there was a verdict in favor of the Territory for the sum of twenty-five thousand dollars. On May 31, 1904, the defendants filed a motion for new trial, and gave notice that it would be called for a hearing on June 3. On that date the motion was continued to June 7. On June 7 the Territory objected to the court entertaining the motion because the defendants had not complied with § 1805, Revised Laws of Hawaii, requiring that the party against whom a verdict or judgment had been rendered should, as a prerequisite to moving for a new trial, "file within ten days after rendition of verdict or judgment" a bond securing the payment of costs, and conditioned against the removal or disposition of any property within the jurisdiction subject to execution. The defendants thereupon asked further time to file the bond. On the same day the court entered a formal judgment on the verdict, and also granted, over the exception of the plaintiff, the request of the defendants for further time to make and file the bond. The court was of the opinion that the statutory period commenced to run only from the date of the entry of judgment on the verdict. The bond was filed on June 7, the motion for a new trial was renewed on the same day, and was ultimately taken under advisement. The plaintiff, reserving the benefit of its exception as to the power of the court to consider the motion, agreed that the motion might be passed upon in vacation. Meanwhile the defendants presented and filed a summary bill of exceptions relating to certain errors which it was alleged had been committed by the court during the trial. In February following the judge who presided at the trial, and who was detained in San Francisco by sickness, telegraphed the clerk of the court that he granted the motion for a new trial, and had forwarded his grounds for doing so by mail. This telegram was filed by the clerk. The term

of office of the judge expired on March 2, 1905. A few days thereafter, viz., on March 4, 1905, the clerk received by mail the opinion of the judge stating his reasons for granting a new trial, which opinion was also filed. In the following April the defendants moved the court then presided over by the successor in office of the judge who had tried the cause to make a formal entry of the granting of the new trial, and this was done over the objection and exception of the plaintiff, who thereupon prosecuted a writ of error to the Supreme Court of Hawaii. The Supreme Court, after overruling a motion to quash the writ, based on the ground that the action of the court in granting a new trial was not reviewable (17 Hawaii, 374), on March 8, 1906, reversed the order granting a new trial. Putting out of view all other questions, in substance, it was held that the filing of the bond within ten days as required by the statute was essential to give the court jurisdiction to entertain a motion for a new trial, and that the court had mistakenly decided that the ten days began to run only from the date of formal entry of the judgment. 17 Hawaii, 445.

The formal judgment entered in the Supreme Court was simply one reversing the order for a new trial. Thereupon in the trial court the defendants moved to be allowed to make the summary bill of exceptions which they had previously taken more specific. Over the objection of the plaintiff this was allowed to be done, and the defendants thereupon filed an amended bill of exceptions, which was allowed, and upon this bill, conformably to the Hawaiian practice, the exceptions were taken by the defendants to the Supreme Court of Hawaii. In that court a motion was made to quash the bill of exceptions, on the ground that as amended it embraced matters not legally included within the bill as originally filed, and which were in consequence not cognizable. This motion was overruled, on the ground that although nothing was open for review on the amended bill but such questions as were legally incorporated in the original bill, the bill as amended could

not be quashed, as it undoubtedly presented matters which were embraced in the first or summary bill. 17 Hawaii, 608, 645. Thereafter on the hearing of the exceptions the court—excluding from consideration such matters as it held were not contained in the original bill, although incorporated in the amended bill—decided that the exceptions were without merit. 17 Hawaii, 618. Conformably to the opinion an order was entered in the minutes on September 27, 1906, overruling the exceptions. Thereupon the present writ of error was allowed by the Chief Justice of the Supreme Court of the Territory.

The two subjects to which, as at the outset we stated, all the assignments of error relate involve the correctness of the action of the Supreme Court on September 27, 1906, in refusing to consider certain of the exceptions because deemed not to have been embodied in the summary bill previously filed and its decision on the exceptions which were passed upon, and the correctness of the action of the same court, taken nearly six months previously, reversing the order of the trial court granting a new trial. Have we jurisdiction to pass upon these issues, is the first question for decision.

Our authority to review the judgments of the Supreme Court of the Territory of Hawaii is derived from the act of April 30, 1900, c. 339, § 86, 31 Stat. 141, 158, and the amendatory act of March 3, 1905, c. 1465, § 3, 33 Stat. 1035. In the first act jurisdiction is conferred over judgments or decrees of the Supreme Court of the Territory only in cases like unto those where we would be empowered to review the judgments or decrees of the courts of the several States, conferred by § 709, Rev. Stat. By the amendatory act our jurisdiction was extended so as to embrace, in addition, all cases, irrespective of the nature of the questions presented, where the amount involved, exclusive of costs, exceeds the sum or value of five thousand dollars. In other words, whilst the first act conferred the power only in cases where it would exist if the decree or judgment had been rendered in a state court, the

second, adopting the principle and necessarily therefore carrying with it the rules generally prevailing as to the review of judgments or decrees of the supreme courts of the incorporated . Territories of the United States, gives an additional right to review, depending solely upon the amount involved. *Bierce* v. *Hutchins*, 205 U. S. 340, 344. As jurisdiction, if it exists in this cause, depends not upon the existence of questions under Rev. Stat., § 709, but entirely upon the amount involved, the authority conferred by the act of 1900 may be at once put out of view.

It is elementary, however, that the power to review both under § 709, Rev. Stats., and under the laws governing the right to review the judgments or decrees of the supreme courts of the incorporated Territories generally, extends only to final judgments or decrees. It is apparent, therefore, that we have no jurisdiction to review the several rulings of the Supreme Court of the Territory, the last one in September, 1906, overruling the exceptions, and the prior one in April, 1906, reversing the order granting a new trial, unless those rulings, independently considered, are final in the full sense of the term. Let us test their finality separately.

On its face the proceeding by which the exceptions of the defendants were taken to the court of last resort in Hawaii for review did not purport to present to that court a consideration of the whole record in the cause, but only submitted the particular rulings embraced in the exceptions. The order which the court entered when it disposed of the exceptions was neither in substance nor did it purport in form to be a final judgment conclusively disposing of the cause. As our power to review depends upon the acts of Congress, which it is beyond the authority of a Territory by forms of legal procedure to modify or change, it results that whatever may be the forms of procedure prevailing in the Territory for the review of judgments or decrees, nothing in the territorial laws or procedure can have the effect of conferring upon this court the power to consider causes coming from the Territory by

piecemeal; that is, to review judgments or decrees which in their essential nature are not final within the intendment of the legislation of Congress—in other words, extend our jurisdiction to judgments which do not completely dispose of the controversy. But the application of this latter principle is not now required, since it will appear from a review of the territorial legislation that the decision of the Supreme Court overruling the exceptions was not under the territorial laws in any sense a final judgment. The relevant Hawaiian statutes are copied in the margin.[1]

It is clear that under these statutes the Supreme Court may

---

[1] Revised Laws of Hawaii for 1905, c. 123, p. 732, *et seq.*:

"EXCEPTIONS.

"SEC. 1862. QUESTIONS RESERVED BY COURT.—Whenever any question of law shall arise in any trial or other proceeding before a circuit court, the presiding judge may reserve the same for the consideration of the supreme court; and in such case shall report the cause, or so much thereof as may be necessary to a full understanding of the questions, to the supreme court. (L. 1892, c. 57, s. 72; C. L. s. 1436.)

"SEC. 1863. RESERVED ON MOTION.—Any question may be reserved in like manner upon the motion of either party, on account of any opinion, direction, instruction, ruling or order of the judge in any matter of law. (L. 1892, c. 57, s. 73; C. L. s. 1437.)"

Following a paragraph prescribing the method of settling exceptions, it is provided in § 1864 as follows:

"Bills of exceptions upon like terms as to filing bond and payment of costs, may be certified to the supreme court from decisions overruling demurrers or from other interlocutory orders, decisions or judgments, whenever the judge in his discretion, may think the same advisable for a more speedy termination of the case. The refusal of the judge to certify an interlocutory bill of exceptions to the supreme court shall not be reviewable by any other court. (L. 1892, c. 57, s. 74; C. L. s. 1438; am. L. 1898, c. 40, s. 2; am. L. 1903, c. 32, s. 18.)"

"SEC. 1865. BOND.—Upon the allowance of such bill of exceptions and the deposit of twenty-five dollars, or a bond of the same amount, by the party excepting with the clerk of such court, for costs to accrue in the supreme court, the questions arising thereon shall be considered by the supreme court; but judgment may be entered and may be enforced or arrested pending such exceptions as provided in section 1861

review the action of the trial courts by two separate forms of
procedure, either by writ of error or appeal, which brings up
the judgment or decree with the entire record, and the other
by exceptions, which does not bring up the whole record and
calls upon the reviewing court merely to pass upon specific
questions raised by the bill. The statutes, it will be observed,
confer no express power upon the Supreme Court of the Terri-
tory to enter a final judgment in a cause upon the overruling
of exceptions, and, indeed, that the Supreme Court of the
Territory does not construe the territorial statutes as giving
it such authority, and, therefore, that the court could not
have intended to exert such power in this case so conclusively
appears from recent decisions of the Supreme Court of Hawaii
as to leave the question not open to controversy.

*Meheula* v. *Pioneer Mill Co.*, 17 Hawaii, 91, was brought

in the case of an appeal, mutatis mutandis. (L. 1892, c. 57, s. 75;
C. L. s. 1439; am. L. 1903, c. 32. s. 19.)

"SEC. 1866. EXCEPTIONS, FRIVOLOUS, IMMATERIAL.—When, upon
the hearing of a cause brought before the supreme court upon excep-
tions, it shall appear that the exceptions are frivolous or immaterial,
or were intended for delay, the court may award against the party
taking the exceptions, double costs from the time when the same were
alleged; and also interest, from the same time, at the rate of nine per
cent per annum on the sum, if any, found due for debt or damages;
or may award any part of such additional costs and interest as it may
deem proper. (L. 1892, c. 57, s. 76; C. L. s. 1440.)

"SEC. 1867. VACATING JUDGMENT BY SUPREME COURT.—When judg-
ment has been entered in any cause in which exceptions have been
allowed, the judgment may be vacated by the supreme court without
any writ of error in like manner *as if it had been entered by mistake*,
and thereupon such further proceedings shall be had in the cause as
to law and justice shall appertain. (L. 1892, c. 57, s. 77; C. L. s. 1441.)

"SEC. 1868. JURY TRIAL NOT DELAYED.—No trial by jury shall be
prevented or delayed by the alleging, filing or allowance of such ex-
ceptions; but the verdict shall be received and such further proceed-
ings shall be had in the cause as the court may order, in pursuance of
the foregoing provisions. (L. 1892, c. 57, s. 78; C. L. s. 1442.)

"WRITS OF ERROR.

"SEC. 1869. HAD WHEN.—A writ of error may be had by any party

to the appellate court on exceptions. The exceptions were overruled. Thereupon counsel for the unsuccessful party, in order that the record might be in such form as to permit an appeal to this court, moved in the appellate court that a final judgment be entered affirming the judgment of the trial court and remanding the cause with directions to carry the judgment into execution. The motion was denied. The court rendered a lengthy opinion, in the course of which it was said (17 Hawaii, 93):

"If the exceptions are overruled nothing further is required but to notify the Circuit Court, in the form of a remittitur. . . . A bill of exceptions, unlike a writ of error or an appeal, does not bring the entire case or its record to this court. We have merely to decide whether the exceptions are good or bad. If they are overruled, that is the end of the functions of this court relating thereto, nothing remaining but the order, notice, or remittitur, on receipt of which the

---

deeming himself aggrieved by the decision of any justice, judge or magistrate, or by the decision of any court except in the supreme court, or by the verdict of a jury, at any time before execution thereon is fully satisfied, within six months from the rendition of judgment. (L. 1892, c. 95, s. 1; C. L. s. 1443.)

"Sec. 1870. In Jury Waived Cases.—Writs of error shall lie to any decision or ruling by a judge in any case in which jury has been waived. (L. 1892, c. 95, s. 2; C. L. s. 1444.)

"Sec. 1871. To Correct What.—A writ of error may be had to correct any error appearing on the record, either of law or fact, or for any cause which might be assigned as error at common law; provided, however, that no writ of error shall issue for any defect of form merely in any declaration, nor for any matter held for the benefit of the plaintiff in error. (L. 1892, c. 95, s. 3; C. L. s. 1445.)

"Sec. 1872. No Reversal When.—There shall be no reversal on error of any finding depending on the credibility of witnesses or the weight of evidence. (L. 1892, c. 95, s. 5; C. L. s. 1447.)

"Sec. 1873. Record.—For all purposes of sections 1869–1883 the record shall be deemed to include all pleadings, motions, notes or bills of exceptions, exhibits, clerk's or magistrate's notes of proceedings, and, if so desired by the plaintiffs in error, a transcript of the evidence in the case. (L. 1892, c. 95, s. 4; C. L. s. 1446.)"

judgment in the Circuit Court if it had been entered but suspended pending the exceptions by the provisions of sections 1861 and 1865, R. L., remains in full force, requiring no affirmance or other recognition from this court. If no judgment was entered on the verdict it is entered by the Circuit Court upon notice of the overruling of the exceptions. This result follows as a matter of law and not in consequence of any direction of this court."

In the same case the court also took occasion to condemn the practice stated to be sometimes followed, of sending to the appellate court, with a bill of exceptions, "the records of the case and all papers filed in the Circuit Court."

So, also, as also said by the territorial court in this case, in passing upon the motion of the Territory to quash or dismiss the exceptions (17 Hawaii, 374, 379):

"Exceptions and error are inherently proceedings of different character. On exceptions, various specific rulings, whether interlocutory or final, whether brought up immediately or only after final judgment, are made direct and independent subjects for review; only so much of the record is brought here as is necessary for passing upon the specific exceptions; the decision usually is that the exceptions be sustained or overruled and that such further proceedings be had as the rulings on the exceptions call for. On error the final judgment alone is brought up, and specific rulings, whether excepted to or not, are considered only incidentally in passing upon the correctness of the final judgment; the entire record is brought up, and the judgment of the appellate court is such as the facts and law warrant as shown by the entire case."

Applying the construction thus given by the Supreme Court of Hawaii to the statutes of the Territory, there being no reason to doubt its correctness, it clearly follows that the mere entry by the clerk, on the minutes, of the decision of the court overruling the exceptions did not constitute a final judgment subject to review by this court. Of course, our decision is confined to the case before us. We must not there-

fore be considered as holding that if, on a case before it on exceptions, the Supreme Court of the Territory in sustaining exceptions considered that the effect of its ruling was such as to justify the entry of a judgment finally disposing of the cause under the discretionary power conferred by § 1867 of the Revised Laws of Hawaii, previously cited in the margin, that such a judgment, depending upon the circumstances of the case, might not be a final judgment within our competency to review.

Coming then to test whether we have jurisdiction to review the action of the Supreme Court of the Territory reversing the order granting a new trial, it is apparent that our power must rest either upon the proposition that the order over-ruling the granting of a new trial was a final judgment in an independent proceeding or was but an interlocutory step in the cause, which would be subject to our review, because of jurisdiction to revise the action of the territorial court in ruling on the exceptions, under the assumption that such ruling was a final judgment. The latter is disposed of by what we have previously said. As to the former, if the premise upon which the proposition rests be assumed it would follow that we are without power to review the judgment, for the reason that this writ is directed alone to the so-called judgment of September 27, 1906, and the record of that judgment cannot be regarded as embracing the proceedings had below in respect to the matter of a new trial.

*Writ of error dismissed for want of jurisdiction.*