UNITED CHINESE SOCIETY, BY CHU GEM, GOO KIM FOOK, HO FON, TONG KAU, CHONG PAK SUN, PANG LUM MOW, WONG HOW, YEE MUN WAI AND M. C. AMANA, ITS TRUSTEES; AND CHU GEM, GOO KIM FOOK, HO FON, TONG KAU, CHONG PAK SUN, PANK LUM MOW, WONG HOW, YEE MUN WAI AND M. C. AMANA, *v.* YEE YAP, LAU TONG, YONG KWONG TAT, LEE CHUCK, LAM YAT KEUNG, LEE LAU, WONG SAI KUEN, C. F. ZEN AND CHIN CHAU.

## No. 1128.

APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.
HON. W. H. HEEN, JUDGE.

ARGUED OCTOBER 15, 1918.     DECIDED OCTOBER 24, 1918.

COKE, C. J., EDINGS, J., AND CIRCUIT JUDGE ASHFORD
IN PLACE OF KEMP, J., DISQUALIFIED.

APPEAL AND ERROR—*effect of modification of decree.*

Where an appellate court merely modifies a decree of an inferior court in respect to a certain portion thereof that portion of the decree which is not modified is affirmed.

OPINION OF THE COURT BY COKE, C. J.

This controversy was recently before us (*ante* p. 377) and it appears unnecessary to again rehearse the history of the case. It is sufficient to say that in the former opinion we remanded the cause to the court below with instructions to modify the decree theretofore entered so as to provide for the appointment of a commissioner clothed with authority to prepare a roll or list of members of the society and to issue certificates of membership to those

entitled thereto and to call and supervise an election to be held by the members of the society to fill a vacancy then existing in the board of trustees. The form or manner but not the substance of the relief was the effect of the modification of the decree. The circuit judge thereafter made and entered a modified decree. From this last decree the respondents have again appealed and now urge for our consideration, first, that the decree or judgment appealed from is erroneous for the reason that the evidence adduced by the petitioners did not prove the allegations of the petition and did not make out a case entitling the petitioners to the relief prayed for or granted or any relief against the respondents, and, second, that the decree or judgment appealed from was inappropriate and inadequate for the reason that the length of the term for which the trustee to be elected by vote of the society was not defined by the decree and the matter was left open for further dispute and controversy.

The first question raised was presented at the prior hearing of the cause and at that time had the consideration of this court. It was then our opinion that there was sufficient evidence to warrant the circuit judge in finding that the petitioners were entitled by *quo warranto* to the relief against the respondents granted in the decree. To this conclusion we adhere.

This phase of the case was not commented upon, however, in our former opinion. We simply disposed of it by sustaining the decree in respect thereto, assuming, perhaps erroneously, from the argument and the attitude of counsel for the respondents that this feature of the case was entirely subordinate to the desire of respondents to have the decree of the lower court modified so as to provide for the preparation of a correct roll of membership of the society, the absence of which roll, it was asserted, was and is the root of the controversy. It was urged by

counsel that by this means, and by this means alone, could a lasting termination of this litigation be brought about. In view of this attitude we directed our opinion to this latter phase of the case, and, coinciding with the views of counsel for respondents, directed a modification of the decree of the circuit judge along those lines. Counsel now complains that we did not pass upon the first, and what he now terms the main, question presented by the appeal.

We think counsel for respondents misinterprets the effect of our order modifying the decree of the lower court. Where an appellate court merely modifies a decree of an inferior court in respect to a certain portion thereof that portion of the decree which is not modified is affirmed. This clearly was the effect of the former opinion of this court. The decree of the circuit judge was remanded for modification in one particular. In every other respect the decree was affirmed.

"When causes are appealed or brought here on error, we have before us the entire record and may review, reverse, affirm, amend, modify or remand for new hearing in chambers such decision, judgment or decree in whole or in part and as to all or any of the parties." *Meheula* v. *Pioneer Mill Co.,* 17 Haw. 91, 94.

"Modify means to change or vary, to qualify or reduce, and the power given to modify implies the existence of the subject-matter to be modified. When exercised to modify it does not destroy identity, but effects some change or qualification in form or qualities, powers or duties, purposes or objects, of the subject-matter to be modified, without touching the mode of creation; and the word employs no power to create or bring into existence, but only the power to change or vary in some particular an already created or legally existing thing." Words and Phrases, vol. 5, p. 4552.

The second ground of this appeal goes to the failure

of the circuit judge to fix in the decree the term for which the trustee to be elected by the society is to hold office. We are of the opinion that the decree is faulty in this respect. To avoid uncertainty and confusion and possibly further dispute and controversy we hold that the decree appealed from should be modified or amended so as to provide that the trustee to be elected to fill the vacancy now existing in the board of trustees of said society, which vacancy was caused by the failure to elect Chu Gem as trustee at the election held in December, 1913, should hold office as such trustee until his successor is duly elected but in no case for a longer period than three years. And inasmuch as the periods of time prescribed and the dates fixed in the decree for carrying out the purposes and objects thereof have by reason of this appeal expired the decree should be further modified or amended so that new periods of time and new dates will be designated in lieu of the expired periods and dates. And aside from these modifications or amendments herein specified the decree appealed from is in all respects affirmed.

The cause is remanded to the circuit judge with directions to modify or amend the decree conformably to this opinion.

*W. B. Lymer* (*J. J. Banks* with him on the brief) for petitioner.

*A. G. M. Robertson* (*Robertson & Olson* and *R. W. Breckons* on the brief) for respondents.