**MUTUAL ORANGE DISTRIBUTORS et al. v. AGRICULTURAL PRORATE COMMISSION OF CALIFORNIA et al.**

No. 564–J.

District Court, S. D. California, Central Division.

Jan. 23, 1940.

Crump & Rogers, of Los Angeles, Cal., for plaintiffs.

Earl Warren, Atty. Gen., and Walter L. Bowers, Deputy Atty. Gen., for defendants.

George E. Farrand, Edward E. Tuttle, and Stephen M. Farrand, all of Los Angeles, Cal., for certain defendants T. H. Powell, L. R. Bradley, C. P. Foster, R. L. Willets, F. G. Webber, and Walter Shippey.

Before STEPHENS, Circuit Judge, and JAMES and HOLLZER, District Judges.

STEPHENS, Circuit Judge.

In this proceeding certain lemon growers and shippers of the State of California seek to have the members of the Agricultural Prorate Commission of the State of California and its "Zone Agent" enjoined from putting into effect the California State Prorate Act (Chapter 754, p. 1969 Calif.Stats. of 1933) or putting into effect the orders or program in respect thereof. We are now concerned with the application for an interlocutory restraining order heretofore made and submitted to a "Three Judge Court" as constituted under Section 266 of the Judicial Code, as amended, 28 U.S.C.A. § 380.

It is claimed under supporting affidavits that the application of the statute as contemplated by the Prorate Commission and Zone Agent will result in irreparable loss and damage to each of the plaintiffs. It is also claimed that the statutes under which the Commission is threatening to act violate the provisions of the Fifth and Fourteenth Amendments to the Constitution of the United States, U.S.C.A.

The defendants have appeared in this court by answer which puts in issue the constitutional questions and the alleged irreparable injury to which reference has just been made. They have also appeared in resistance to the motion for an interlocutory injunction.

The constitutionality of this Act has heretofore been raised, and in some respects is still pending in the California courts. To understand the problems we here have for solution it will be necessary to get acquainted with such litigation.

The first action, or an action by certain growers to enjoin enforcement of the Act, will hereinafter be referred to as the injunction suit. The second action, or an action by the Commissioners to prohibit the Superior Court from interfering with the enforcement of the Act will hereinafter be referred to as the prohibition suit. The instant action will be referred to as the federal suit. The plaintiffs herein as a group and the defendants herein as a group will be referred to respectively as the growers and as the Commissioners.

Subsequent to the passage of the Act the Commissioners provided thereby were proceeding toward its application, when (May 8th, 1935) certain objecting lemon growers and shippers instituted an action (the injunction suit) in the State Superior Court against the Commission and its members and the "Zone Agent"[1] to enjoin them from enforcing certain orders or a certain program of the Commission relative to the enforcement of the Act. In this action the Superior Court held that the temporary restraint or temporary injunction should be ordered. Thereafter the Commission by its Commissioners and the Zone Agent instituted a proceeding in the California District Court of Appeal (the prohibition suit) praying that a writ of prohibition issue to the said Superior Court and to the judge presiding therein, commanding them to desist from any further proceedings in connection with any restraining order or preliminary injunction

---

[1] The Act provides for the creation of "zones" within the territorial limits of which the Act is to be applied. In this instance the whole State was designated as the zone for application of lemon proration. The "Zone Agent" has specified powers in relation to the zone to which he is assigned.

in the aforesaid injunction suit except to dissolve any such restraining order. The District Court of Appeal denied the petition and the Supreme Court, in accord with its power and jurisdiction, ordered the matter transferred to that court. The latter court issued an alternative writ of prohibition as prayed for and ordered the respondents to show cause why such writ should not be made permanent. Respondents Superior Court and the judge thereof, appeared by general demurrer and answer. The Supreme Court in -its opinion, filed February 29, 1936, Agricultural Prorate Comm. v. Superior Court of Los Angeles County, 5 Cal.2d 550, 55 P.2d 495, 499 [2], said, "It is [apparent] therefore that the major question calling for decision in this proceeding is the constitutionality of the Agricultural Prorate Act." The court then proceeded to thoroughly discuss and treat the constitutional questions raised by the proceedings, which were substantially the same constitutional questions that were raised by the growers in their action to enjoin the enforcement of the Act. The Supreme Court held the Act valid, but said (opinion in prohibition suit), "The injunction suit is still in the respondent court, and that court has exclusive jurisdiction to hear and determine all undecided issues of ́fact presented by the pleadings in said suit. Should it determine that said district was legally organized and that the orders which the plaintiffs in said action seek to restrain are valid and binding upon those to whom they are directed, then it would be the duty of said court to deny the injunction and dismiss the suit. * * For this reason, the application for a writ of prohibition directed to respondents restraining them from proceeding in said action should be denied." [3]

Thereafter, the Superior Court, being freed from the restraint, proceeded with the trial of the injunction suit and entered a judgment therein restraining and enjoining the Commission and Zone Agent from proceeding further, holding among · other things that the proceedings under the Act were fatally defective. The Commission and Zone Agent appealed therefrom, and on June 30, 1938, Whittier Mut. Orange & Lemon Ass'n v. Agricultural Prorate Comm., 11 Cal.2d 470, 80 P.2d 983 [4] the State Supreme Court caused its opinion and decision to be ́filed (injunction suit), reversing the judgment, but without direction to the Superior Court.

The judgment of the Superior Court in the injunction suit standing reversed, the. cause went back to that court, and after a trial de novo the court denied the plaintiffs relief and they again appealed from the judgment to the Supreme Court. This appeal in the injunction suit is still pending.

On September 5, 1939, and subsequent to all of the proceedings hereinbefore narrated, some of the growers who were plaintiffs in the injunction suit, together with several additional growers, doing business as one partnership started the instant, or Federal suit. Substantially the same federal constitutional questions raised and already passed upon by the Supreme Court of California are again raised. The allegations of injury are substantially the same. The addition of certain plaintiffs in the instant case as the partnership of R. H. Verity Sons & Co. adds no new element of fact, as they fall in the same category as certain others who are plaintiffs in the injunction suit. The complaint in the Federal suit sets out in part "Bulletin 4" issued by the Commission under date of December 31, 1938, or subsequent to the instigation of the other actions. For the purposes of this opinion we deem this portion of the complaint in this court as not changing the fundamental issues raised in the other cases.

The defendants herein claim that the issues raised by the complaint are res judicata.

At the outset of our discussion on this point it may be remembered that it has already been shown that neither the parties nor the issues of the injunction case are altogether the same as here. However, the three proceedings (the injunction suit,

---

[2] The detailed facts can be ascertained by referring to the reported opinion.

[3] It may here be noted that a dissent was filed in this case, in which Justice Thompson stated his opinion to the effect that the Court's opinion upon the constitutional question was dictum and therefore improper. The Supreme Court denied a rehearing, but Justice Shenk joined with Justice Thompson in voting for the rehearing. Later, in the case of Brock v. Superior Court of. Los Angeles County, 11 Cal.2d 682, 81 P.2d 931, the Court in principle agrees with the doctrine expressed by Justice Thompson.

[4] The detailed facts can be ascertained by referring to the reported opinion.

the prohibition suit and the Federal suit) are all directed to the same subject matter. All the plaintiffs in the Federal suit but those suing as members of a copartnership, whose position raised no additional legal question, were plaintiffs in the injunction suit. But not all of the plaintiffs in the injunction suit are plaintiffs in the Federal suit. No judgment finally disposing of the injunction case has yet been had. The attorneys in the injunction case were not attorneys in the prohibition case. The attorneys in the prohibition case are attorneys in the Federal case.

■ Federal courts accord to a judgment of a state court only the effect given to it by the law of the state in which it was rendered. Wright v. Georgia R. & B. Co., 216 U.S. 420, 30 S.Ct. 242, 245, 54 L.Ed. 544, and cases therein cited. It is therefore necessary to examine the California law as to the effect of the judgments in the injunction and prohibition cases which the defendants urge are res judicata.

We shall first consider the Supreme Court decision in the prohibition case in which the Court expressed itself as to the constitutionality of the Act and refused to grant a writ of prohibition directed to the Superior Court, since there were certain fact issues to be determined.

In a similar case, Brock v. Superior Court of Los Angeles County, 11 Cal.2d 682, 81 P.2d 931, the California Supreme Court again had under consideration the question of whether a writ of prohibition should issue to restrain the Superior Court from proceeding in an action for an injunction against the Director of Agriculture of the State of California. The court therein 11 Cal.2d page 688, 81 P.2d page 934, said, "The constitutionality of the Milk Control Act is also raised by the respondents. In view of our conclusion that the trial court still has jurisdiction of the injunction suit, and therefore the petition herein must be denied, it is not necessary for us to pass upon the constitutionality of said act, and a majority of this court deem it improper to do so."

■ In effect this relegates the expressions on the constitutional questions in the prohibition case to the status of dicta. The Commissioners argue that the expressions are not dicta, relying upon Florida Central Railroad Company v. Schutte, 103 U.S. 118, 26 L.Ed. 327, 329. However, the Supreme Court in the cited case merely announced the recognized rule that a case is authority on all matters upon which the decision is properly based, even though the decision would have been the same without the Court's expressions as to some of them. The Court's expressions upon the constitutional questions in the prohibition case seem to be based upon the theory that the abstract question of constitutionality of the Prorate Act could be passed upon by it in determining the Superior Court's right or jurisdiction to proceed with the injunction suit. Courts are given no such power. Constitutional questions can only be considered in relation to the effect of a law or an act upon a person in an action based upon an actual controversy. In the injunction case the plaintiffs allege irreparable injury and were entitled to raise the constitutional questions as to the matters causing such injury. The idea that such a proceeding could be prevented by rushing ahead and having a pronouncement made that the Prorate Act in the abstract was constitutional was erroneous in itself. We hold that the expressions on the constitutional questions in the prohibition case were dicta. Dicta, of course, is not authority (Norris v. Moody, 84 Cal. 143, 24 P. 37), and cannot be the basis for res judicata or the basis for the "face of the judgment rule" as argued by the Commission in this case.

Defendants also claim res judicata upon the strength of the Supreme Court opinion and decision of June 30, 1938, reversing the order of the Superior Court in the injunction suit which had restrained and enjoined the Commission and Zone Agent from proceeding.

■ The California law is settled that an unqualified reversal as in this instance remands the cause for a new trial, and places the parties in the trial court in the same position as if the cause had never been tried, with the exception that the opinion of the court on appeal must be followed so far as applicable. Central Savings Bank of Oakland v. Lake, 201 Cal. 438, 443, 257 P. 521, and cases cited therein; Stearns v. Aguirre, 7 Cal. 443; Glassell v. Hansen, 149 Cal. 511, 87 P. 200; Erlin v. National Union Fire Ins. Co., 7 Cal.2d 547, 61 P.2d 756. We quote from the Erlin case, supra 7 Cal.2d page 549, 61 P.2d page 757: "The reversal of the judgment was unqualified; that is to say, without direction to the trial court. Such a reversal remands the case for a new trial and places the parties in the same position

as if the case had never been tried [citing cases]. Of course, upon a retrial the decision of the appellate court becomes the law of the case upon the facts as then presented. But that law must be applied by the trial court to the evidence presented upon the second trial. 'It is settled beyond controversy that a decision of this court upon appeal, as to a question of fact, does not become the law of the case.' Mattingly v. Pennie, 105 Cal. 514, 517, 39 P. 200, 201, 45 Am.St.Rep. 87".

The record before us does not show just what facts were developed at the retrial of the case in the Superior Court, but it is evident from the judgment rendered by the Superior Court that oral and documentary evidence was introduced on behalf of the respective plaintiffs and defendants. The Superior Court upon the consideration of this new evidence denied the plaintiffs relief.

■ From what we have said above it is evident that the decision of the Supreme Court in the injunction suit was not a final judgment, and therefore is not res judicata as to the issues of the case.

It is next argued that the decision of the Superior Court upon the retrial of the injunction case is res judicata. But we do not think this argument is tenable. The California Code of Civil Procedure, § 1049, provides that an action is deemed to be pending from the time of its commencement until its final determination. See Purdy v. Johnson, 100 Cal.App. 416, 280 P. 181. The appeal in this injunction suit is still pending.

■ Without further comment we may safely assert that the judgment of the Superior Court upon the retrial of the injunction suit did not consist merely of a ministerial act—the entry of a pro forma judgment, as argued by the Commissioners herein. We cannot approve the Commissioners' conclusion upon this thesis that such Superior Court judgment was a final one.

■ We think this discussion also disposes of the Commissioners' argument to the effect that under the "face of the judgment" rule as applied by the Supreme Court of the United States, the Growers could have appealed directly to that court from the decision of the Supreme Court of California reversing the judgment in the injunction suit, or at least from the decision

of the Superior Court rendered thereafter. Defendants cite Cotton v. Hawaii, 1908, 211 U.S. 162, 29 S.Ct. 85, 53 L.Ed. 131; and Louisiana Navigation Co., Ltd. v. Oyster Commission, 1912, 226 U.S. 99, 33 S.Ct. 78, 57 L.Ed. 138 in support of their contention. The cases cited in support of the "face of the judgment" rule seem to us to tend the other way. Especially do we think this is true of the Louisiana Navigation Company case, supra.

■ Defendants urge the idea that the pending appeal in the injunction suit is ineffectual, citing Long Beach Dock & Terminal Co. v. Pacific Dock & Terminal Co., 9 Cir., 98 F.2d 833. The argument is that since the California Supreme Court has already disposed of all the issues in the case, the pending appeal is an "appeal from itself to itself". This argument, however, assumes that which we have already disapproved, to-wit, that the last Superior Court judgment in the injunction suit was rendered pro forma. In the Long Beach Dock & Terminal Co. case, supra, the District Court, in awarding judgment to plaintiff, followed an agreement which provided for liquidated damages. Upon appeal the Circuit Court of Appeals, Pacific Dock & Terminal Co. v. Los Angeles Dock & Terminal Co., 9 Cir., 50 F.2d 557, held such provision in the agreement invalid and sent the case back to the trial court "for further proceedings not inconsistent herewith", 50 F.2d page 567, limiting the issue for retrial to the ascertainment of the actual damages suffered by the plaintiff. The trial court then received evidence appropriate only to this single issue and entered judgment in the amount it found the plaintiff to have suffered. Upon appeal from this judgment the plaintiffs sought to again raise the liquidated damage controversy. The Circuit Court of Appeals said (98 F.2d 833, 835): "The sole question attempted to be raised on this appeal is whether our decision on the former appeal was right or wrong. Appellant contends that it was wrong, and that, therefore, our mandate was wrong and should not have been obeyed. *That the mandate was obeyed, and that the decree was in conformity therewith, is conceded.* Thus the decree was, in effect, our decree, and the present appeal is 'from ourselves to ourselves.' * * * Such an appeal will not be entertained." (Italics supplied.)

The case does not strike us as being analogous to the situation here.

We hold that the issues raised by the complaint herein are not res judicata.

■■■■ Defendants argue that the expressions of the Supreme Court in the prohibition and the injunction suits are at least the "law of the case". As to the prohibition suit we have held that the expressions therein on the constitutional questions were dicta. As dicta they could not become the law of the case. But be that as it may, it is evident that neither the proceedings in the prohibition suit nor the injunction suit in any way provide a "rule of the case" necessarily to be followed in the present action because that doctrine is confined in its operation to subsequent proceedings in the *same* case. 2 Freeman on Judgments (2d Ed.) § 630, p. 1328; 15 C.J., Courts § 359, p. 961.

However, we do have expressions of the Supreme Court of California bearing strongly upon the issues in this, the Federal case, which we must respect. We are also cognizant of the fact that the same growers (except the members of R. H. Verity Sons & Company) who are plaintiffs in the instant case first chose the State courts as their forum, and only came to the Federal courts after the State's highest court had handed down opinions contrary to their contentions; and that this litigation has extended over several years. We are also impressed with the seriousness, in the circumstances, of laying restraint upon a State's enforcement of its legislation.

■■■■ We have therefore concluded that our discretion should not be exercised in favor of issuing the interlocutory restraint. We hold, however, that we have jurisdiction to entertain the action and to receive a full recital of facts in a trial of the issues. Upon our determination of the factual situation we shall be in a position to determine whether or not the plaintiffs or any of them will suffer injury through the violation of any right guaranteed to them by the Constitution of the United States.

In this turn of the case we think the cause should be set down for trial and the taking of testimony or the submission of factual issues upon affidavits at the earliest date the court's calendar will accommodate it.

The petition for an interlocutory order of restraint is denied.