## JOHN Ii ESTATE, LIMITED, *v.* BROWN.

### ERROR TO THE CIRCUIT COURT OF APPEALS FOR THE NINTH CIRCUIT.

No. 98. Argued November 13, 1914.—Decided December 7, 1914.

The decision of the Supreme Court of the Hawaiian Islands, made while the present Territory was an independent sovereignty, in a case construing a will, that a devise of lands was in fee and not in trust, should not be disturbed or pronounced void by the courts of the Territory on grounds mainly of form and procedure.

A duly filed written decision of the highest court of the former sovereignty must be regarded as an adjudication if at that time it was the recognized practice that the case, the submission and the written decision constituted the record.

Where the constitution and statutes of the former sovereignty permitted the highest court to fill a vacancy by calling in a member of the bar, and it was the practice for years to fill more than one vacancy, the question of the validity of a judgment of that court should not be raised long after the change of sovereignty.

Even if under the statutes of the Republic of Hawaii questions in equity

could not be reserved, if the highest court did act on questions so reserved and entertained the cause, it had authority to decide and its judgment cannot be subsequently attacked in another court on that ground.

Even if a case holding that a prior decision should not be disturbed did not again make the matter *res judicata*, the later case may be referred to as authority with regard to local procedure.

201 Fed. Rep. 224; reversed.

THE facts, which involve a will as the same had been construed by the Supreme Court of the Republic of Hawaii and the effect of that decision as an adjudication in subsequent actions in the courts of the Territory, are stated in the opinion.

*Mr. Reuben D. Silliman,* with whom *Mr. Joseph Larocque* and *Mr. Clarence Blair Mitchell* were on the brief, for plaintiff in error.

*Mr. A. A. Wilder,* with whom *Mr. F. E. Thompson* was on the brief, for defendants in error:

The land was devised to Irene for life, remainder in fee to her children.

Counsel for plaintiff in error contend that the Supreme Court of Hawaii has already decided that under the will Irene was given the fee, and the opinion of the court is claimed to have adjudicated the claims of these defendants in error adversely to them and that they are bound conclusively thereby. The opinion in the first case, 11 Hawaii, 47, cannot be held to be *res judicata.*

The alleged court, which rendered the opinion, was not legally constituted, and so its acts were absolutely void.

These defendants in error were not parties to that cause, and no jurisdiction was ever acquired over them.

The opinion was rendered upon questions reserved by a circuit judge, and no decree was ever entered in that cause.

If any question was legally litigated and determined within the meaning of *res judicata,* it was only the question whether or not a trust existed, and that any question as to the nature of the devise to Irene and her children was only incidentally and collaterally involved.

The court delivering the first opinion as it was constituted was not a legal court, and its acts were therefore void and subject to collateral attack. See § 1, Art. 83, Constitution of the Republic of Hawaii, promulgated in 1894; Laws 1892, c. 57, § 56, as amended by Act 12, Laws of 1896; *Van Slyke* v. *Ins. Co.,* 39 Wisconsin, 390; *State* v. *Phillips,* 27 La. Ann. 663; *State* v. *Sadler,* 26 So. Rep. 390, 395.

A person undertaking to act as substitute for a judge of a court cannot be regarded as a *de facto* judge for the very reason that he has no commission, or any color of title, and does not claim the office but actually recognizes the incumbency of the real judge for whom he purports to be substituting only.

The court had no jurisdiction upon questions reserved in equity. Laws 1892, c. 57, § 72; Revised Laws Hawaii, § 1862. See also Act 55, Laws 1907; *Brown* v. *Brown,* 11 Hawaii, 47; *County Commissioners of Hampshire,* 140 Massachusetts, 181; *Bearce* v. *Bowker,* 115 Massachusetts, 129; *Terry* v. *Brightman,* 129 Massachusetts, 535; *Taft* v. *Stoddard,* 141 Massachusetts, 150; *Johnson* v. *Parotte,* 46 Nebraska, 51, 56.

There being no jurisdiction, the opinion of the court in the first case was void, the same as if it had been made by any other three members of the bar. See *Elliott* v. *Peirsol,* 1 Pet. 328, 340; *Williamson* v. *Berry,* 8 How. 495, 541; *Lewers & Cooke* v. *Redhouse,* 14 Hawaii, 290, 294.

Jurisdiction of the subject-matter cannot be conferred by consent or waiver. *Dudley* v. *Mayhew,* 3 N. Y. 9, 12; Cooley, Const. Lim. (7th Ed.) 575–6; *Holloway* v. *Brown,* 14 Hawaii, 170; *In re Bishop,* 11 Hawaii, 33.

No decree was ever entered in the first case, and it is therefore no bar. 16 Cyc. 471; 5 Enc. Pl. & Pr. 949; *Oklahoma* v. *McMaster*, 196 U. S. 529, 533; *Bouldin* v. *Phelps*, 30 Fed. Rep. 547, 578; *Springer* v. *Bien*, 128 N. Y. 99; *Wilson* v. *Hubbard*, 39 Washington, 671; *Hart* v. *Brierly*, 189 Massachusetts, 598, 604; *Chicago* v. *Goodwillie*, 208 Illinois, 252; *Child* v. *Morgan*, 51 Minnesota, 116, 121.

Federal courts are not bound by state decisions, on general questions of law.

Federal courts are not bound by state decisions, particularly when they are conflicting or when the law has not been definitely settled.

Federal courts are not bound by *dicta* of a state court.

Even assuming that the Supreme Court in the second case was in a position to pass upon the validity of the decision in the first case, it wholly fails to even consider the fact that no final decree had ever been entered in the first case at all, which fact leaves yet to be decided and adjudicated upon a point which we contend can allow but one conclusion, namely, that the first case never reached final judgment, was therefore utterly worthless as *res judicata*, and could be given no possible effect by any subsequent holding in another case.

MR. JUSTICE HOLMES delivered the opinion of the court.

This case began as a proceeding by the United States for the taking of certain land. The land was condemned and the sum that was determined by the judgment to be the compensation due to the owners was paid into court. Supplementary proceedings then were had in the cause, according to local statutes, for the determination of the title to this fund as among different claimants who appeared and set up their claims. The plaintiff in error

claimed the whole by virtue of a deed from Irene Ii (Brown), daughter of John Ii, to its grantor, alleging that John Ii devised the land to Irene in fee and that her title in fee was established by judgments of the Supreme Courts of the Hawaiian Islands and of the Territory of Hawaii. The defendants in error, two of the three chil-. dren of Irene, claim one-third each, subject to their mother's life-interest, on the ground that John Ii devised the land to Irene for life only with remainder to her children. The Circuit Court of Appeals sustained the latter claim. 119 C. C. A. 458; 201 Fed. Rep. 224.

It will be enough to give a few passages from the agreed but more or less impugned translation of the will out of its original Hawaiian: "All my property both real and personal shall descend to my heirs who are mentioned below as follows: First. Irene Haalou Ii, my own daughter is the first heir as follows: [describing certain lands, including that condemned] . . . I do hereby appoint J. Komoikehuehu, A. F. Judd, they both to be the executors and guardians of the person and property of my daughter the first devisee mentioned in this will. All the income from the lands that are leased and all other receipts from all the lands of my daughter they two alone shall have the sole care of it until she becomes of age or has children of her own; they shall be the executors during the lifetime of my daughter and her children in accordance with my wishes as expressed in this will. . . . And further, if my daughter should die having borne children, then the property shall descend to her children and if she should die without having had any children the property shall descend to her own mother, and if she should be dead then the property shall descend to my brother J. Komoike-huehu." It is obvious what hesitation an American court ought to feel in attempting to construe a Hawaiian will on the strength of this translation, and, still more, in disregarding the opinion of the court on the spot, familiar

with Hawaiian habits and not improbably with Hawaiian speech.

John Ii died in 1870. In 1894, the Hawaiian Islands then being an independent sovereignty, a bill was filed by Irene and her two children, the present defendants in error, by A. F. Judd as their next friend, and A. F. Judd, as executor, guardian of Irene, and trustee under the will, against Charles A. Brown, husband of Irene, alleging that Brown was in possession and squandering the estate, and praying among other things for a construction of the will and determination of the relative rights of the children and mother and for the reinstatement of Judd in possession as trustee. An amended complaint joined Sanford B. Dole as plaintiff, he having been appointed to take the place of Komoikehuehu deceased. The case dragged along and finally, the Chief Justice and one of the Justices being disqualified, the remaining Justice requested and authorized two members of the bar to sit with him, which they did. At the hearing they reserved questions of law to the Supreme Court of the Islands, two of which were: "1. Was a trust created in the property devised to Irene Ii by the will of her father John Ii? 5. Has Irene Ii Brown, a fee simple title in said property or is her estate one for life only?" The Supreme Court entertained the case and, as appears from the opinion, against the earnest contention of the counsel for the plaintiffs decided on May 11, 1897, that Irene, after she bore a child, became the owner in fee simple of the estate. This decision is relied upon as an adjudication concluding the present case. *Brown* v. *Brown,* 11 Hawaii, 47.

The chief objection that is urged to the conclusiveness of the decision is that after the opinion of the Supreme Court no further proceedings were taken in the case. This seems to be answered by the decision next mentioned, and by the analogy, if not by the letter of the statute then in force as to cases stated; that the case, the submission, and

the written decision, shall constitute the record. Civil Code of 1859, § 1142. It is said further that the Court was not legally constituted because two members of the bar were called in. The Constitution and statutes allowed the filling of a vacancy if a Justice was disqualified but it is said that the power extended only to a single one. We understand that the practice was the other way for years, and as the Supreme Court seems to have felt no difficulty it would be most undesirable to allow the question to be raised now. It is urged again that the children were not properly parties and were not separately represented although their interest was adverse to their mother's. The bill was brought by the trustee for instructions among other things and the *cestuis que trust* were made parties. It is true that they do not appear to have had separate counsel, but it appears from the decision of the court that the counsel represented and pressed their interest against that of their mother, and it seems to us not permissible to declare that the highest court of what was then a foreign jurisdiction did not know its own powers and was proceeding in a manner that the court of another country might pronounce wholly void. Finally it is said that under the statutes in force questions in equity could not be reserved by circuit judges sitting in chambers. To this again it is enough to answer that the court had authority to decide that matter and, although disapproving the practice, entertained the cause and thereby established its warrant in law.

In January, 1903, another bill was brought by the defendants in error, by their next friend, A. F. Judd, the purposes of which it is unnecessary to state further than it sought to have the previous decision declared void and the interest of Irene adjudged to be only a life estate. The bill was dismissed upon demurrer and the Supreme Court of the Territory expressed the opinion that the previous decision precluded a collateral attack by the

minors, dealing in terms with all the objections except the first which it sufficiently disposed of by assuming the prior decision to have the effect of a formal decree. *Brown* v. *Brown*, 15 Hawaii, 308. See *Calaf* v. *Calaf*, 232 U. S. 371, 374. It is unnecessary to consider whether this second case again made the matter *res judicata.* It is enough to refer to it here as authority with regard to matters of local procedure, as to which innumerable cases have established the weight to be given to the local courts. *Tevis* v. *Ryan*, 233 U. S. 273, 291; *Nadal* v. *May*, 233 U. S. 447, 454.

It appears to us surprising to suggest that the highest court of the Hawaiian Islands did not decide in accordance with the requirements of the law of which that court was the final mouthpiece; and that courts of another jurisdiction, sitting long afterwards, know its duties and powers so much better as to be entitled to pronounce its proceedings void. The caution required in such a venture, even as against less authoritative decisions, has been stated and restated, from *United States* v. *Percheman*, 7 Pet. 51, 95, to *Michigan Trust Co.* v. *Ferry*, 228 U. S. 346, 354. And when it is added that the grounds for the supposed invalidity are matters mainly of form and local procedure and wholly of local control, it seems to us plain that the judgment must be reversed.

*Judgment reversed.*