HAPAI. *v.* BROWN.

ERROR TO THE SUPREME COURT OF THE TERRITORY OF HAWAII.

No. 120. Argued December 17, 1915.—Decided January 10, 1916.

Where there is no doubt that the import of the decree pleaded as *res judicata* to a bill to quiet title was to the effect that plaintiff in the former action had no title to the property, the inquiry in the subsequent action is narrowed to the question of jurisdiction of the court rendering the decree pleaded.

This court will not presume that the highest court of the Hawaiian Islands did not know its own powers or did not decide in accordance with law of the Kingdom. *John Ii Estate* v. *Brown*, 235 U. S. 342.

This court affirms the decision of the Supreme Court of the Territory of Hawaii holding that the determination of the Supreme Court of the Hawaiian Islands in a suit for partition made without any objection by any of the parties and not appealed from is valid and binding upon, and *res judicata* as to, the same parties and their privies in a subsequent suit involving the same land.

Even though the party making a motion to dismiss for want of jurisdiction does not press it, this court is not at liberty to disregard it.

When, owing to confusion in the statutes, there is doubt as to whether appeal or writ of error is the proper course, this court will, if possible, save a party's rights from being lost by mistake in technicalities, and so *held* that, under § 246, Judicial Code, writ of error was the proper course to review the judgment of the Supreme Court of Hawaii in a case involving over $5000 in which trial by jury was waived.

21 Hawaii, 756, affirmed.

THE facts, which involve the validity of a judgment of the courts of the Territory of Hawaii in an action affecting title to a tract of land in that Territory, are stated in the opinion.

*Mr. Lorrin Andrews* for plaintiff in error.

*Mr. A. A. Wilder,* with whom *Mr. Alexander Britton, Mr. Evans Browne* and *Mr. F. W. Clements* were on the brief, for defendant in error.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is a bill to quiet title to an undivided 29/36 of the ahupuaa of Koanoulu, a large tract of land in the Island of Maui, Territory of Hawaii. The plaintiffs claim through the children of one Keaka other than one daughter, Paakuku, through whom the defendants claim the whole tract.

One of the defences was *res judicata.* The proceeding relied upon as having decided the relative rights of the parties was a bill brought in November, 1871, by the plaintiffs' predecessors against Paakuku and others, alleging title in Keaka during her life; a devise by her to her heirs, followed by joint possession on the part of the plaintiffs and of Paakuku as quasi-trustee; and waste, a wrongful sale and a wrongful lease by Paakuku. The bill prayed for an account from Paakuku, that the sale and lease be ordered to be cancelled as against the plaintiffs, and that a partition be decreed. Paakuku's answer set up a conveyance of the premises by Keaka to her in fee and continuous possession by her since the date of the same. It also alleged that Keaka's will, if not overriden by the subsequent deed, devised the land to Paakuku in fee, subject to some merely personal and revocable rights in some of the plaintiffs.

The case was tried in the Supreme Court before the Chief Justice. On October 1, 1874, a Minute was entered: "The opinion of the Court is that the Petitioners have no title to the lands of Kaonoulu and Kaluapulu and so adjudge. There is no controversy about the title of the land at Wailuku and the petition for partition of that land is hereby granted and decreed accordingly." An opinion filed two days later discusses the title, decides that the deed alleged by Paakuku is freed from every suspicion, and repeats the language of the Minute. On October 12 it was decreed that the plaintiffs take nothing by their bill. The Supreme Court in the present case expressed the opinion which, apart from the deference due to it upon a local matter, does not require argument to support it, that the intention and meaning of the decree of October 12 was to dismiss the bill on the ground that the plaintiffs had not the title alleged. It therefore affirmed a judgment for the defendants holding that the plaintiffs were concluded by the former decree. The only point, if any, that can be argued, is that in general a bill for partition cannot be made a means of trying a disputed title, *Clark* v. *Roller*, 199 U. S. 541, 545, and that therefore the decree should be taken to be a dismissal for want of jurisdiction, or at least allowed no greater effect than if it had gone on that ground.

But, as we cannot doubt the import of the decree when rendered, we are narrowed in our inquiry to the question of jurisdiction in an accurate sense. Unless we are prepared to pronounce the decree void for want of power to pass it and open to collateral attack, the decision in this case must stand. But there was no inherent difficulty, no impossibility in the nature of things or for want of physical power, in the attempt to decide title in the suit of 1871. And as was observed at the last term, it would seem surprising to suggest that the highest Court in the Hawaiian Islands did not know its own powers, or decide in accord-

ance with the requirements of the law of which that Court was the final mouthpiece. *John Ii Estate v. Brown*, 235 U. S. 342, 349. The plaintiffs in the former case in no way protested against the trial of their title, but on the contrary sought relief distinct from partition, that made the trial necessary. Even if we were disposed to go behind the decisions of the Chief Justice of the Kingdom and of the highest Court of the Territory upon a matter like this it would seem to us as unreasonable to hold the adjudication of title void because partition was prayed as to hold it void because the decree was made upon a multifarious bill. The cases where objections to the jurisdiction, though taken in the cause, have been held to have been waived go farther than we have to go here. We will not speculate as to how extreme a case must be to produce a different result; it is enough that this is far from the line.

The defendants in error filed a motion to dismiss, which, in view of our opinion upon the merits they probably would not care to press but which we are not at liberty to disregard. The case is brought here by writ of error, whereas, it is said, it should have been brought up by appeal. By § 246 of the Judicial Code of March 3, 1911, c. 231, 36 Stat. 1087, 1158, writs of error and appeals from the final judgments and decrees of the Supreme Court of Hawaii may be taken 'in the same manner, under the same regulations, and in the same classes of cases, in which' they may be taken from the final judgments and decrees of the court of a State, 'and also in all cases wherein the amount involved, exclusive of costs,  .  .  .  exceeds the sum or value of five thousand dollars.' The present suit comes here under the last clause, at the trial a jury was waived, and the proposition is that the earlier provisions of the section do not govern this clause but that, except when there is a trial by jury, the cases there mentioned must be brought to this Court by appeal under the Act of April 7, 1874, c. 80, § 2, 18 Stat. 27. It is said that

this has been the practice. See, e. g. *Wm. W. Bierce, Ltd.,*
v. *Hutchins,* 205 U. S. 340. Whether or not the incidental
assumption in that decision that an appeal would lie was
correct, we are of opinion that the proceeding by writ of
error was justified by the plain meaning of § 246. So far
as the policy of Congress might permit, (see Act of
March 3, 1915, c. 90, § 274b, 38 Stat. 956,) we should be
disposed to be a little astute to save a party's rights from
being lost through mistakes upon a technical matter in the
somewhat confused condition of the statutes. But we can-
not doubt that the path adopted was right.

*Judgment affirmed.*