OWEN v. CLIFTON et al.

(Circuit Court of Appeals, Fifth Circuit. April 6 1916. Rehearing Denied May 20, 1916.)

No. 2882.

CORPORATIONS ⊛560(6)—RECEIVERS—ADMINISTRATION OF ESTATE—SUIT TO SET ASIDE FRAUDULENT JUDGMENT.

A receiver for a corporation may maintain a bill in the court of his appointment, and which is administering the estate, to prevent the enforcement, to the injury of that estate, of a fraudulent judgment recovered against the corporation, and affirmed on an appeal, in which the corporation gave a supersedeas bond, although no claim against the receivership estate has yet been filed.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 2262; Dec. Dig. ⊛560(6).]

Maxey, District Judge, dissenting.

Appeal from the District Court of the United States for the Southern District of Mississippi; Henry C. Niles, Judge.

Suit in equity by W. F. Owen, receiver of New Orleans, Mobile & Chicago Railroad Company, against J. F. Clifton and others. Decree for defendants, and complainant appeals. Reversed.

J. N. Flowers and Ellis B. Cooper, both of Jackson, Miss. (Flowers, Brown, Chambers & Cooper, of Jackson, Miss., and J. C. Rich, of Mobile, Ala., on the brief), for appellant.

J. W. Cassedy, of Brookhaven, Miss., and W. J. Pack, of Laurel, Miss. (Jeff. Collins, of Laurel, Miss., on the brief), for appellees.

Before PARDEE and WALKER, Circuit Judges, and MAXEY, District Judge.

WALKER, Circuit Judge. The bill in this case was filed by the appellant, W. F. Owen, suing as the receiver of the property of the New Orleans, Mobile & Chicago Railroad Company, against J. S. Clifton and his two attorneys in a suit for personal injuries brought in a state court in Mississippi by Clifton against said company before the property of that company was placed in the hands of the receiver, in which suit a judgment was rendered against the railroad company. The bill as it was amended contained averments to the effect that the claim asserted in that suit was one wholly unfounded upon facts, and was the result of a corrupt conspiracy between Clifton and two other named persons to fabricate that claim and to support it by the perjured testimony of Clifton and his two co-conspirators, and that this conspiracy, without any fault or lack of due diligence on the part of the defendant in the suit brought by Clifton, has been so far successfully carried out that a judgment in favor of Clifton has been rendered against the railroad company, which, on an appeal by that company, which gave a supersedeas bond, was affirmed by the Supreme Court of Mississippi after the receiver of the property of that company was appointed. The bill prayed that the judgment so obtained be canceled

⊛For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

and set aside, or that the enforcement of it be perpetually enjoined, or for such other, further, special, or general relief as the equities of the case require. By the decree, which is appealed from, the bill as it was amended was adjudged to be insufficient in law upon its face to warrant the relief prayed for, and was dismissed.

The receiver was not a party to the suit in which the impeached judgment was rendered. He is concerned with that judgment only in so far as it may give rise to a claim against the estate which is the subject of the receivership. The averments of the bill make it apparent that the rendition of the judgment will lead to the presentation, either by the plaintiff in the judgment or by the surety on the supersedeas bond, if payment of the judgment by him shall be coerced, of a claim against the estate which the court is administering in the suit in which the receiver was appointed. That court, by its receiver, has possession of all the property of the defendant in the judgment in question, and that property is subject to administration by that court alone. In view of that fact, although when the bill was filed the claim represented by the judgment had not been formally presented to the court of equity which was administering the estate of the defendant in the judgment, that court, looking at the substance of the transaction, so far as the estate in its charge was subject to be affected by it, would be justified in treating the recovery of the judgment and anything done by the plaintiff therein to enforce it as steps in the prosecution of the claim, to the end of making it a charge upon the estate which the court was administering. The receiver was within his right and duty in defending the estate in his possession against a claim which was antagonistic to the rights or interests of the parties to the suit in which he was appointed. Bosworth v. St. Louis Terminal Railroad Association, 174 U. S. 182, 19 Sup. Ct. 625, 43 L. Ed. 941. One who is shown to have fraudulently procured a judgment in his favor cannot expect to have the aid of a court of equity to carry it into execution. In so far as the execution of the judgment is dependent upon property in the equity court's charge being subjected to the satisfaction of it, that court may inquire into the conduct of the plaintiff in procuring it. Lawrence Mfg. Co. v. Janesville Mills, 138 U. S. 552, 11 Sup. Ct. 402, 34 L. Ed. 1005; Gay v. Parpart, 106 U. S. 679, 1 Sup. Ct. 456, 27 L. Ed. 256; Lewers & Cooke, Limited, v. Atcherly, 222 U. S. 285, 32 Sup. Ct. 94, 56 L. Ed. 202.

If Clifton, the plaintiff, in the alleged fraudulently procured judgment, is permitted to enforce it against the surety on the supersedeas bond, he would reap the fruits of his fraudulent transaction and at the same time leave the claim which the judgment in his favor created to be asserted against the estate of the defendant in the judgment by one who was not a party to the fraud. The action of the receiver in submitting by his bill for the scrutiny of the court the alleged fraudulent transaction at the stage it had reached when the bill was filed was not premature, as the result was to enable the court to deal with the claim, obviously being prosecuted to the end of making it a charge upon the property which the court was administering, and, if it is found to have such a fraudulent origin that the claimant could not have the

aid of the court for its enforcement, to thwart an attempt by him to do indirectly, through the instrumentality of an application which an innocent third party might be practically coerced into making to save himself, what he could not do directly.

The conclusion is that the averments of the bill disclose a fraudulent transaction having for one of its objects the creation of an unconscionable claim against an estate which the court is administering, and that the court should inquire into that transaction, and, if it is found to be such a one as is alleged, should prevent its consummation, in so far as such consummation would be to the injury of the estate in the court's custody.

It follows that the decree dismissing the bill was erroneous, and should be reversed; and it is so ordered.

MAXEY, District Judge, dissents.