HAWAII COUNTY v. HALAWA PLANTATION, Limited.

(Circuit Court of Appeals, Ninth Circuit.   February 19, 1917.)

No. 2748.

1. COUNTIES ⬤⟞146—LIABILITY FOR DAMAGES—STARTING FIRE ON HIGHWAY.
    A Hawaiian county, which is a body corporate having an administrative board, and which can be sued in its corporate name, but whose powers are more limited than those usually conferred on counties, being largely confined to exercise of police powers and ministerial duties and opening and maintaining streets and roads, is liable for damages caused by fire started by its employés on a highway and negligently permitted to spread to adjoining premises.
    [Ed. Note.—For other cases, see Counties, Cent. Dig. § 212.]

2. NEGLIGENCE ⬤⟞68—CONTRIBUTORY NEGLIGENCE—SPREAD OF FIRE.
    It is not contributory negligence, which deprives a landowner of his right to recover damages caused by fire started on the highway and negligently permitted to spread, for him to have permitted dry leaves to accumulate on land controlled by him adjacent to the highway, since he had nothing to warn him that fires would probably be built in that vicinity.
    [Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 92, 94, 95.]

In Error to the Supreme Court of the Territory of Hawaii.

Action by the Halawa Plantation, Limited, a corporation, against the County of Hawaii. Judgment for the plaintiff was affirmed by the Supreme Court of the Territory of Hawaii, and defendant brings error. Affirmed.

Wade Warren Thayer, of Honolulu, T. H., and W. H. Smith, of Hilo, T. H., for plaintiff in error.

Henry Holmes, Clarence H. Olson, and Paul R. Bartlett, all of Honolulu, T. H. (S. H. Derby, of San Francisco, Cal., of counsel), for defendant in error.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

HUNT, Circuit Judge.   Halawa Plantation, Limited, a corporation, defendant in error (hereinafter called plaintiff), brought action against the county of Hawaii, plaintiff in error (called defendant), for damages. After demurrer was overruled defendant made general denial. There was a trial before a jury and judgment for plaintiff. The Supreme Court of the territory affirmed the judgment in Halawa Plantation v. County of Hawaii, 22 Hawaii, 753. Writ of error was sued out.

[1] The substance of the complaint is that certain agents and servants of defendant in pursuance of their employment of repairing, maintaining, and constructing a highway known as the main "Govern-

⬤⟞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

ment Kohala Road," for the purpose of burning certain rubbish on the highway adjoining land of which plaintiff was lessee, carelessly, negligently, and wrongfully kindled a fire on the highway, and neglected to use proper care to prevent its escape, with the result that it extended from the highway to the adjoining land leased by plaintiff and destroyed sugar cane thereon.

The Supreme Court of the territory in its opinion said that if the case were one of first impression, it would be inclined to believe that it would hold otherwise than it did, but that, the rule that a county is liable for injury to private property caused by the negligent acts of its road employés acting within the scope of their employment having been announced in Matsumura v. County of Hawaii, 19 Hawaii, 18, 21 Ann. Cas. 1338, and reaffirmed in the same case in the later decision (19 Hawaii, 496), and the Legislature having met in four regular sessions since the announcement of such rule, without enacting any statute adopting a different one, the court must consider that the Legislature has acquiesced in the rule announced.

The case of Matsumura v. County of Hawaii, 19 Hawaii, 18, 21 Ann. Cas. 1338, was decided in 1908. The complaint there alleged that one, Keola, while employed as an agent and servant of the defendant in maintaining and constructing a public highway—

"did willfully, negligently, and in total disregard of the rights and property of the plaintiff, divert the course of a large stream of water then and there flowing in a certain wooden flume; that the said large stream of water so diverted did rush with great force into and undermine a certain large mound or bank, consisting of earth and rocks, which by the force of the water, so diverted as aforesaid, was loosened and with great force struck the store, dwellings, stables, and outhouses of the said plaintiff in such manner that said dwellings * * * were utterly demolished and destroyed to the damage of the plaintiff," etc.

In a well-considered opinion by Judge Ballou, the court goes back to Russell v. Men of Devon, decided in 1788 (2 Term Reports, 667), usually relied upon as the foundation for the rule laid down by many courts that at common law a county was not liable for torts. We have examined, not only the cases cited in the opinion of the Supreme Court of Hawaii, but many others, and as a result we believe that in the case of Matsumura v. County of Hawaii, supra, the Territorial Court correctly pointed out that Lord Kenyon, in Russell v. Men of Devon, decided as the main point that the body of men sued in the action before him were not associated in a corporate capacity, and therefore that it was inexpedient, if not impossible, to hold the inhabitants at large responsible for the alleged tort. It is undoubtedly true that the case has been applied broadly to sustain a doctrine of general nonliability of a county for tort committed by the agent of the county. But that it should not be used as a basis for so far-reaching a decision is shown by the opinions in the following later English cases, which refer to Lord Kenyon's reasoning: Kent v. Worthing (1882) 10 L. R. Q. B. 118; Borough of Bathhurst v. Macpherson (1879) 4 Appeal Cases Law Reports, 256. In Maguire v. Liverpool Corporation [1905] Law Reports, 1 King's Bench Division, Lord Romer for the court held no action would lie for nonrepair, and cited Russell v. Men of Devon as

holding to that effect; and in Whyles v. Bingham Rural Council, [1900] 1 K. B. Div. Law Reports, 45, in an action to recover damages for death alleged to have been caused by the wrongful and negligent acts and defaults of highway authorities, the court held that for nonfeasance there would be no liability, and cited Russell v. Men of Devon for the ruling, although for an act of misfeasance the court said there would be a liability. Russell v. Men of Devon was there looked upon as going to the extent of denying responsibility for nonfeasance. In Weightman v. City of Washington, 66 U. S. (1 Black) 38, 52, 53 (17 L. Ed. 52), the Supreme Court refers to the frequent misapplication of the doctrine of Russell v. Men of Devon, saying:

"Reference is often made to the case of Russell v. Men of Devon (2 Term, 667) as an authority to show that no action will lie against a municipal corporation in a case like the present; but it is a misapplication of the doctrine there laid down. Suit was brought, in that case, against the inhabitants of a district, called a county, where there was no act of incorporation, and the court held that the action would not lie, admitting, however, at the same time, that the rule was otherwise in respect to corporations. But whether that be so or not, the rule here adopted has been fully sanctioned in all the English courts." Henley v. The Mayor, etc., of Lyme (5 Bing. 91).

Judge Deady, in Eastman v. County of Clackamas (C. C.) 32 Fed. 24, also distinguished the decision and regarded the reason for a distinction between an incorporated town and a county as without substantial difference. In Barnes v. District of Columbia, 91 U. S. 540, 23 L. Ed. 440, the court decided that the District of Columbia, a municipal corporation, is responsible to an individual who has suffered from the defective and negligent condition of its streets. In the course of the opinion the court said:

"And here a distinction is to be noted between the liability of a municipal corporation, made such by acceptance of a village or city charter, and the involuntary quasi corporations known as counties, towns, school districts, and especially the townships of New England. The liability of the former is greater than that of the latter, even when invested with corporate capacity and the power of taxation. 1 Dillon, §§ 10, 11, 13; 2 Dillon, § 761. The latter are auxiliaries of the state merely, and when corporations are of the very lowest grade, and invested with the smallest amount of power. Accordingly, in Conrad v. Ithaca, 16 N. Y. 158, the village was held to be liable for the negligence of their trustees; while in Weet v. Brockport the town was said not to be liable for the same acts by their commissioners of highways. Id. 163, 4, 9. See Brooke's Abridgement, Action on the Case; Russell v. Men of Devon, 2 T. R. 308, and cases there cited; 16 N. Y. supra. Whether this distinction is based upon sound principle or not, it is so well settled that it cannot be disturbed. Decisions or analogies derived from this source are of little value in fixing the liability of a city or a village. See Dillon, supra."

We might go on to cite the conflicting views, but it would serve no useful purpose to do so. In Hawaii a county is a body corporate, having an administrative board, and may be sued in its corporate name. As shown by the opinion in Matsumura v. County of Hawaii, supra, the powers of a county are more limited than are those usually conferred upon counties, in that, in the territory they are largely confined to the exercise of police powers and to ministerial duties of conducting sewers, pump stations, waterworks, lighting plants, and fire departments, but the statute authorizes the opening, closing, and maintaining

of streets and roads and the doing of things necessary and proper to carry into execution the powers conferred. Chapter 4 of Act 39, Territorial Session Laws 1905. The Supreme Court of the territory in the Matsumura Case, referring to liability for misfeasance, said:

"Whatever may be the authority for exempting counties on the theory that they are governmental agencies it cannot be applied to those that have no power to levy taxes, no county courts for the administration of justice, no control over matters of education, provision for the poor, or military organization. They could as well be called 'districts' as 'counties,' or, on the other hand, could be called 'city and county,' as has been subsequently done with the island of Oahu, which has been converted from the 'County of Oahu' into the 'city and county of Honolulu.' S. L. 1907, Act 118. These differences make the extension of immunity to counties in Hawaii merely a blind adherence to nomenclature in the application of an erroneous principle."

The construction which the Supreme Court of the territory has put upon the local statutes pertaining to county organization and to powers and liabilities of counties in the territory is entitled to great weight. This is especially pertinent in the present case, because the Legislature of Hawaii with knowledge of the judicial construction adopted by the Matsumura decision has met in four sessions since the court declared the law, and although it has amended the county act in several other respects, it has failed to change the law as announced in that opinion and decision. Revised Laws of Hawaii 1915, §§ 1503, 1507–1517, 1527, 1531, 1554, 1565, 1573; McChesney v. Hagar (Ky.) 104 S. W. 714.

[2] The defendant makes the point that the question of contributory negligence should have been submitted to the jury. The theory of defendant, as we understand it, is that if it was found by the jury that in the space between where the fire was started and the cane field, there was a group of lauhala trees and under the trees an accumulation of dry leaves and grass which were inflammable, making an effective carrier of fire from the place where the fire was started to where it entered the cane field of plaintiff, and if the land included in the path of the fire from its starting point to the cane field was land under lease and control by plaintiff, and if plaintiff knew of the dry leaves and grass and failed to do anything to lessen "the effectiveness" of the accumulation as a fire carrier, and if "to destroy in some way the effectiveness of the dry material as a fire carrier to prevent any fire originating from any source was such an act as any reasonably prudent person would have done," etc., such failure would constitute contributory negligence and bar recovery. We do not see how plaintiff was under a duty to take precautions against fire by removing the accumulated dry leaves and vegetable matter. Plaintiff could not anticipate that the county through its servants would be negligent or even imprudent in doing work on the road adjoining his plantation. It is too clear for argument that he was carrying on a lawful, but not hazardous, occupation, not in the vicinity of known or seen dangers. With nothing to warn him that fires would probably be built in the vicinity of his field, the question of contributory negligence was outside of the case, and the court was right in declining to charge upon the matter.

Erd v. C. & N. W. R. R. Co., 41 Wis. 65; Yik Hon v. Spring Valley Waterworks, 65 Cal. 619, 4 Pac. 666.

It being our opinion that there was an invasion of plaintiff's rights by the misfeasance of the agents of the county, the judgment is affirmed.

---

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes