### NOTLEY et al. v. McMILLAN.

(Circuit Court of Appeals, Ninth Circuit. December 13, 1926.)

No. 4929.

Courts ☞406(1)—Construction of local territorial law by highest territorial court will not be disturbed by appellate court (Territorial Laws of Hawaii 1907, Act 71 [Rev. Laws 1925, § 3043]).

Construction by highest court of territory of Territorial Laws of Hawaii of 1907, Act 71 (Rev. Laws 1925, § 3043), relating to legitimation of children by subsequent marriage of parents, will not be disturbed by appellate court.

Appeal from the Supreme Court for the Territory of Hawaii.

Suit by Helen Kawailani McMillan against Charles K. Notley and others. Decree for plaintiff, and defendants appeal. Affirmed.

Huber & Kemp, S. C. Huber, S. B. Kemp, and F. Schnack, all of Honolulu, Hawaii, for appellants.

Prosser, Anderson & Marx,. Mason F. Prosser, and Robbins B. Anderson, all of Honolulu, Hawaii (S. Hasket Derby, of San Francisco, Cal., of counsel), for appellee.

Before RUDKIN, Circuit Judge, and SAWTELLE and JAMES, District Judges.

RUDKIN, Circuit Judge. This is an appeal from a final decree of the Supreme Court of the Territory of Hawaii, affirming a decree of the circuit court for the first judi-

16 F.(2d)—18

cial circuit, declaring the appellee the sole surviving legal issue of David Fyfe Notley, deceased.

The appellee was born at Honolulu, February 22, 1894. For more than a year prior to her birth, her father, David Fyfe Notley, and her mother, Kamalu Kawelo, lived together in a state of adultery; the mother being at that time married to another man, from whom she was living separate and apart. As a result of this adulterous cohabitation the appellee was born. In June, 1900, the mother obtained a divorce from her then husband, and in September following the father and mother of the appellee intermarried.

Act 71 of the Territorial Laws of 1907 (now section 3043, R. L. 1925), provides: "All children born out of wedlock, irrespective of the marriage of either parent to another, become legitimate on the marriage of the parents with each other and are entitled to the same rights as those born in wedlock."

As said by the Supreme Court of the Territory, the sole question for decision is: Was the appellee legitimated by the law in question? That question the court answered in the affirmative. There is nothing to take this case out of the general rule that the construction placed upon a local law, such as this, by the highest court of the Territory will not be disturbed by an appellate court. Kealoha v. Castle, 210 U. S. 149, 28 S. Ct. 684, 52 L. Ed. 998; Cotton v. Hawaii, 211 U. S. 162, 29 S. Ct. 85, 53 L. Ed. 131; Lewers & Cooke v. Atcherly, 222 U. S. 285, 32 S. Ct. 94, 56 L. Ed. 202; John Ii Estate v. Brown, 235 U. S. 342, 35 S. Ct. 106, 59 L. Ed. 259; Hawaii County v. Halawa Plantation, Limited (C. C. A.) 239 F. 836; Territory of Hawaii v. Hutchinson Sugar P. Co. (C. C. A.) 272 F. 856; Castle v. Castle (C. C. A.) 281 F. 609; Ewa Plantation Co. v. Wilder (C. C. A.) 289 F. 664; Halsey v. Ho Ah Keau (C. C. A.) 295 F. 636.

In view of this conclusion, it becomes unnecessary to consider the general question involved, as a discussion of that question can serve no purpose; but it is not out of place to say that the decision of the Supreme Court of the Territory is supported by the great weight of authority.

The decree is affirmed.